151 So. 906

## WARREN v. MALVINA REALTY CO., Inc.

### No. 32628.

Nov. 27, 1933.

Edward Rightor, W. W. Wright, and John D. Nix, Jr., all of New Orleans, for appellant.

Habans & Coleman and A. I. Kleinfeldt, all of New Orleans, for appellee.

OVERTON, Justice.

On July 10, 1933, a preliminary writ of injunction was granted herein upon plaintiff's furnishing bond in a stated sum. The bond was filed and the writ issued. Eight days later defendant filed a rule nisi, directed to plaintiff, to show cause why the writ should not be dissolved. The motion to dissolve was not sustained, but was overruled ex proprio motu. On July 20, 1933, defendant petitioned the trial court for a suspensive appeal from the order granting the writ and from the order refusing to dissolve it. This petition was refused. Defendant, on July 20, 1933, applied to this court for writs to force the granting of the appeal, and to protect its rights in the meantime. The writs were not granted. On August 8, 1933, nearly a month after the granting of the preliminary injunction, and about twenty-one days after the refusal to dissolve it, defendant petitioned the trial court for a devolutive appeal from the order granting the writ and from the one refusing to dissolve it, returnable to this court. The devolutive appeal was granted and the bond therefor was furnished a week later. This is the appeal, now before us.

■ Plaintiff and appellee has moved to dismiss the appeal, because under section 5 of Act No. 29 of 1924, all appeals, suspensive or devolutive, from interlocutory orders or decrees, granting or refusing a preliminary injunction, or dissolving or refusing to dissolve one, must be taken and bond furnished within ten days from the entry of the order or decree granting the writ or refusing to grant it, or dissolving it or refusing to dissolve it. It is urged that this law was not complied with by defendant.

The right to appeal from an interlocutory order or decree, in matters relating to injunctions, is governed by section 5 of Act No. 29 of 1924. This section, so far as pertinent to this appeal, reads as follows, to wit:

"No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order; but where upon a hearing, a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree; * * * provided further that any appeal, devolutive or suspensive, must be taken and bond furnished within ten days from entry of such order or decree, and such appeal shall have precedence in the Appellate Court, but the proceedings in other respects in the court below shall not be stayed during the pendency of such appeal, unless otherwise ordered by the court granting the same."

The statute, in so many words, says that the appeal must be taken, where it allows an appeal, whether the appeal be suspensive or devolutive, and that the bond must be furnished, within ten days from the entry of the order or decree complained of. It is beyond dispute that the interlocutory order, granting the preliminary injunction, was granted on July 10, 1933, and that the order of appeal was not petitioned for or granted until August 8, 1933, and that the bond was not furnished until August 15, 1933. Hence more than ten days expired between the entry of the order granting the preliminary injunction, and the order granting the appeal, and consequently between the entry of the injunction order and the furnishing of the appeal bond. Therefore, the appeal was taken and perfected too late to be a valid appeal. It is likewise beyond dispute that the appeal from the interlocutory decree refusing to dissolve the injunction was also taken and perfected too late to stand the test required by the plain words of the statute. In that instance, twenty days intervened between the decree refusing to dissolve the injunction and the filing of a petition for an appeal, and still more time intervened between the entry of the decree refusing to dissolve the injunction and the filing of the bond. The appeal from the decree, refusing to dissolve, therefore, was not timely taken and perfected.

■ The fact that, upon the refusal of the trial court to grant the suspensive appeal from both interlocutory decrees, application was made unsuccessfully to this court for writs of mandamus, certiorari, and prohibition to force the granting of the appeal and to protect defendant's asserted rights in the meantime, did not have the effect of interrupting the running of time for an appeal, nor did the filing and overruling of the mo-

tion to dissolve the injunction in the trial court have such effect. Acts of this nature, not supported by law, and therefore unsuccessfully put in motion, produce no legal effect. In this connection, it may be said that the fact that, in refusing the application for writs, this court said substantially that the applicant's remedy was by devolutive appeal or by appeal, suspensive or devolutive, after the rendition of final judgment on the merits, was not a recognition of defendant's right to appeal devolutively in this particular matter and at this time. That point, necessarily, was not at issue. The court was there announcing, which was proper, the remedy where one feels aggrieved by a decree in injunction proceedings, without reference to whether or not the appeal had been lost by the lapse of time. It was the same as if the court had said, "The applicant's remedy, if any, is by devolutive appeal"; the words "if any," under the circumstances, being implied.

The appeal is dismissed.