HAMITER, Justice.
In this tort action Gerald J. Talley seeks to recover for injuries allegedly sustained by him in an accident involving the automobile he was driving and a car operated by Lydia G. Friedman which was owned by her husband Ernest H. Friedman.
Named defendants were the Friedmans and the liability insurer of their vehicle, the Government Employees Insurance Company.
In his petition plaintiff prayed for and obtained an order for a trial by jury, he subsequently posting bond therefor.
Defendants answered denying that Mrs. Friedman was negligent, and asserting various acts of negligence on the part of plaintiff.
Thereafter, the defendants filed a third party demand against the Department of Highways of the State of Louisiana (hereafter called the Department) in which they alleged that certain of its acts constituted negligence which contributed to the accident, and they prayed for contribution from the Department in the proportion of one-half of whatever judgment might he rendered against them in favor of Talley.
Subsequently, the third party defendant (the Department) tendered an exception wherein it urged that under the provisions of LRS 13:5104 it was not required to submit to a jury trial.
The original defendants then filed a motion to strike plaintiff’s request for a jury and to recall the order permitting such a trial of any part of the case. In this motion they urged that inasmuch as the demand against the Department could not he tried by a jury that the entire matter must be heard and determined by the judge. In support thereof they cited Jobe v. Hodge et al., 253 La. 483, 218 So.2d 566.
Thereupon, the Department submitted a “Motion to Strike Third Party Demand.” In it the contention was made that plaintiff’s right to a jury trial in his suit against the original defendants should not be divested merely because the latter called in the Department as a third party defendant. It further asserted that the original demand should be tried before a jury, but with the third party action stricken therefrom without prejudice to the right of the defendants to proceed against the Department for contribution in the event that they should be cast in judgment on the principal demand.
Meanwhile, the plaintiff offered a motion for separate trials of the principal and incidental demands.
The trial court overruled the Department’s motion to strike and also the plaintiff’s plea for separate trials. It sustained the exception of the Department objecting to a jury trial. Likewise, it maintained the motion of the original defendants to strike the plaintiff’s request for a jury, and it re *740 called the order permitting a trial by jury of the principal demand.
Plaintiff applied to the Court of Appeal for writs under its supervisory jurisdiction. The writs were denied.
Thereafter, he applied to this court for certiorari, mandamus and prohibition. The case is presently before us on the writs issued in response to the application. 254 La. 827, 227 So.2d 372.
We observe at the outset that there were pleadings — an intervention, motions, cross-complaints, etc. — other than those referred to above. However, we do not advert specifically to them in this opinion since they have no bearing on the sole issue raised by the application, to wit: whether the plaintiff is to be denied his right to a jury trial of his principal demand against the defendants merely because they brought the Department into the case by means of a third party demand for contribution.
LRS 13:5104 provides: “No suit against the state or other public body shall be tried by jury.” The district court and the Court of Appeal relied on this provision, as well as on our decision in Jobe v. Hodge, supra, in holding that under the circumstances of this case no jury trial of the principal demand could be had. We do not believe, however, that the Jobe decision compels such a result, inasmuch as it is distinguishable ;' also, as will be hereinafter shown, other statutory provisions are to be reconciled with LRS 13 :5104.
In Jobe we were concerned with pleadings in which a municipality was a defendant in the principal demand and a codefendant with the other alleged tort feasors. (Actually, each had been made a defendant in separate tort suits on the same cause of action; but the cases had been consolidated for trial. Therefore, all defendants were treated as codefendants on the principal demand.)
In the instant case the Department is not a codefendant with the other defendants named in plaintiff’s original demand. The claim against it for contribution is only incidental to the main demand of plaintiff; and its liability, if any, does not even become an issue unless and until the principal defendants are found to be liable to plaintiff.
Under the circumstances we are faced with the provisions of Article 1731 of the. Code of Civil Procedure which provides: “Except as limited by Article 1733, the right of trial by jury is recognized.
“The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is trial by jury.” And Article 1733, among other situations, clearly recognizes that there are cases where a “jury trial is specifically denied by law”. Consequently, it would appear that the second paragraph of Article *742 1731 creates a conflict when a claim not legally triable by a jury is made as an incidental demand in a suit wherein the principal demand is so triable.
In such a situation we should attempt to reconcile such provisions — to balance the conflicting interests protected by each (in this case the right of plaintiff to a jury trial and the right of the state not to have the claim against it tried by a jury); and, if possible, we should preserve both.
We were particularly influenced in Jobe by the fact that, under the circumstances existing there, no provision in our law permitted separate trials. However, when the matter involves, as here, a principal and an incidental demand there is such authority.
Specifically, Article 1038 of the Code of Civil Procedure provides: “The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.
“When the principal and incidential actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.”
In view of these provisions we see no reason why, in the instant case, the' principal demand cannot be tried first before a jury which will determine whether the defendants are liable and, if so, the amount of damages to which plaintiff is entitled. If they are found to be not liable, that is the end of the entire matter. If otherwise, the judge, “still retaining jurisdiction of the” incidental demand may consider the evidence originally adduced, to- ' gether with whatever additional evidence might be material to the liability of the Department (the defendant in the incidental demand) and determine its liability vel non. If the Department is also found to have’ been guilty of acts proximately causing the accident the court will then order contribution in accordance with law.
We find nothing anomalous or conflicting in this procedure inasmuch as the articles relating to jury trials envision cases which might be tried partially by a jury and , partially by the judge. See Articles 1734 and 1735 of the Code of Civil Procedure. The latter article especially declares that “The trial of all issues for which jury trial has been requested shall be by jury unless the parties stipulate that the jury trial shall be as to certain issues only, or unless the right to trial by jury as to certain issues does not exist, * * (italics ours.)
Moreover, the case of Davis v. Davis, 238 La. 293, 115 So.2d 355, we believe, is authority for the procedure above outlined. There the plaintiff instituted suit for an absolute divorce on the ground of adultery and for custody of the children. At the re *744 quest of the defendant a trial by jury was ordered on all issues. The plaintiff’s motion to set aside such order was overruled. We granted writs under our supervisory power and, following a hearing, we sustained the motion only insofar as it applied to the issues of custody of and alimony for the children, and remanded the case to the trial court (the wife had reconvened for such custody and alimony). In effect we ordered that issues relating to the divorce (the principal demand) be tried by the jury and that issues relating to alimony for and custody of the children (a matter we said was incidental to the divorce action) be determined by the judge without the intervention of the jury.
For the reasons assigned the ruling of the trial court recalling the order for a jury trial of the principal demand herein is annulled and set aside. The case is remanded to that court for further proceedings in accordance with law and consistent with the views hereinabove expressed. Costs of the Court of Appeal and of this court in the present proceeding shall be paid by the defendants in the principal demand. All others shall await the final determination of the litigation.