297 So.2d 740 (1974)
Harry P. HERNANDEZ, Individually and as Administrator of the Estate of his minor child, David G. Hernandez
v.
J. Elwood SARTAIN et al.
No. 9878.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
James J. Zito, Baton Rouge, for appellant.
*741 David W. Robinson, A. Leon Hebert, Baton Rouge, for appellees.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
Plaintiff, David G. Hernandez (Appellant), a minor who attained the age of majority after institution of this tort action on his behalf by his father, Harry P. Hernandez, appeals from a judgment rejecting his request for a jury trial on the ground the application was untimely made. We affirmed.
The sole issue presented is whether Appellant's request for jury trial was timely pursuant to the procedural regulations governing applications for jury trial as provided in LSA-C.C.P. art. 1732, which reads, in pertinent part, as follows:
"A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue."
The chronology of all pleadings filed in the trial court is as follows:
On April 23, 1973, plaintiff father instituted this action on behalf of his minor son claiming damages from defendant J. Elwood Sartain and Sartain's alleged insurer, Reliance Insurance Company (Reliance). The petition seeks damages for injuries sustained by young Hernandez who was allegedly shot by Sartain while Hernandez was on Sartain's property in pursuit of a prowler.
An amended petition was filed by plaintiffs on April 25, 1973, alleging additional facts relied upon as establishing Sartain's negligence.
On May 25, 1973, both defendants answered denying Sartain's alleged negligence. Reliance also denied insurance coverage of the incident.
On January 17, 1974, plaintiff filed an amended petition asserting the majority of young Hernandez and joining him as party plaintiff.
On January 23, 1974, Sartain answered the amended petition admitting the allegations regarding the majority of David G. Hernandez.
Reliance answered the amended petition on February 5, 1974, admitting Appellant's majority. On this same date, Reliance's answer was served on all opposing parties by mail.
Appellant's petition requesting a jury trial was filed February 13, 1974.
On February 20, 1974, Appellant's request for jury trial was denied by the trial court and this appeal followed.
We note initially that whereas a judgment denying a request for a jury trial is an interlocutory judgment, it may nevertheless be appealed upon allegations of irreparable injury such as have been made herein. See Plaisance v. Collins, 234 So.2d 436; Wilson Sporting Goods Co. v. Alwes, La.App., 17 So.2d 382.
Appellant contends the last pleading filed, namely, Reliance's answer of February 5, 1974, is of a substantial nature and addresses itself to an issue triable by jury. Therefore, Appellant argues, an application for jury trial made within ten days of date thereof is timely under Article 1732, above.
We find no merit in Appellant's contention. Article 1732, above, clearly states that a request for jury trial must be made within ten days of service of the last pleading directed to an issue triable of right by a jury. Based on the pleadings of record herein, the only issues triable of right by jury are: (1) Sartain's alleged liability; (2) the amount of damages due plaintiff if Sartain's liability is established, and (3) Reliance's coverage of Sartain.
*742 Appellant's amended petition of January 17, 1974, and Reliance's answer thereto on February 5, 1974, were not directed either to Sartain's liability, the amount of damages due or Reliance's coverage. These pleadings were directed solely to the procedural issue of whether Appellant, having attained the age of majority, was entitled to be substituted party plaintiff in his own name. Reliance's answer did not dispute Appellant's contention. On the contrary, Reliance admitted that Appellant was entitled to be joined as party plaintiff. This admission eliminated the necessity of proof; it removed all dispute as to Appellant's right in this regard, and also eliminated the necessity of trial of the issue by either judge or jury.
Appellant's reliance upon Barberito v. Green, La., 275 So.2d 407, is ill-founded. Barberito, above, involved a tort action wherein the issues to be tried were liability and quantum. Plaintiff therein filed a supplemental petition seeking an increase in damages. Defendant filed an answer thereto. The Supreme Court held that plaintiff's supplemental petition presented the jury triable issue of quantum, and that defendant's answer thereto constituted the last pleading directed to that issue. On this basis, the court found that plaintiff's request for a jury trial was timely since it was filed within ten days of filing of defendant's answer. In Barberito, above, the court also noted that Article 1732, above, did not require that the last pleading be directed to a new issue, but that it sufficed if the pleading addressed itself to any issue triable by jury.
The judgment of the trial court is affirmed; all costs of this appeal shall be paid by plaintiff-appellant, David G. Hernandez. All costs of the proceedings below shall await final judgment on the merits by the trial court.
Affirmed.