342 So.2d 1155 (1977)
Claude TRICHE, Jr., et al.
v.
CITY OF HOUMA et al.
Dale THIBODEAUX
v.
CITY OF HOUMA et al.
No. 11382.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
*1156 Joseph L. Waitz, Houma, for defendant-relator.
Grady C. Weeks, Houma, and Paul Batiza, Thibodaux, for plaintiff-respondent.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
Defendants-relators, the City of Houma, and its insurers, Chicago Insurance Company *1157 and Interstate Fire and Casualty Company, have applied to this Court for an alternative writ of certiorari, prohibition and/or mandamus from the interlocutory decree of the Trial Judge denying their request for trial by jury in the matter entitled Claude Triche, Jr. and Kenneth Triche versus City of Houma, State Farm Insurance Company and XYZ Insurance Company.
This is a boating accident case wherein plaintiffs filed suit on January 29, 1975. On July 27, 1976, defendants-relators filed their answer and prayed for trial by jury. Trial by jury was ordered and the amount of the bond fixed. Subsequently, plaintiffs filed on August 12, 1976, a motion to strike the request for a jury trial on the grounds that the defendants were not entitled to a jury trial under LSA-R.S. 13:5105.
In written reasons for judgment, the Trial Judge denied the request for a jury trial contending that the language of LSA-R.S. 13:5105 is clear and unambiguous, and this statute did not afford to political subdivisions the opportunity to waive the prohibition of a jury trial in a suit against it.
Relators applied for writs to the Louisiana Supreme Court, which writs were not considered with the notation that "no relief has been applied for in the Court of Appeal which has supervisory jurisdiction of the case." Relators then filed this application in this Court on January 27, 1977.
In their brief in opposition to this application for writs, plaintiffs-respondents argue basically that relators had an adequate remedy by appeal, but have allowed the appeal time to expire, and thus writs should be denied, citing State of Louisiana v. Signal, 257 La. 560, 242 So.2d 889 (1971), Warren v. Malvina Realty Co., Inc., 178 La. 495, 151 So. 906 (1933), Borah v. Dussel, 153 La. 54, 95 So. 399 (1922), and Cloud v. Bushnell, 168 So.2d 274 (La.App. 3rd Cir. 1964). We find none of these cases controlling. The questions raised were either whether writs would be granted after the statutorily allowed appeal time had run, or whether application for writs suspended the running of the appeal time.
An interlocutory judgment is appealable only if it may cause irreparable injury. LSA-C.C.P. Art. 2083.
Louisiana Courts have in the past held that even though the sustaining of a motion to strike a demand for jury trial is an interlocutory decree, it may cause irreparable injury, and thus is appealable. Zuber v. Lafourche Parish School Board, 325 So.2d 764 (La.App. 1st Cir. 1976), Hernandez v. Sartain, 297 So.2d 740 (La.App. 1st Cir. 1974), Plaisance v. Collins, 234 So.2d 436 (La.App. 1st Cir. 1970) and Southern Baptist Hospital v. Williams, 89 So.2d 769 (La. App.Orl.Cir. 1956), writs denied (1956).
There has, however, been a shift recently from the earlier position of the appellate courts that a denial of a request for a jury trial will always cause irreparable injury, and thus the right to appeal attaches, to a present trend that the mere denial of a jury trial, without more, does not, upon its face, result in irreparable injury such that it warrants a separate appeal, and thus the appropriate remedy is either the application for supervisory writs or an appeal after final judgment. Guidroz v. State Farm Fire and Casualty Co., 334 So.2d 535 (La.App. 1st Cir. 1976) and First National Bank of Commerce, New Orleans v. Miller, 328 So.2d 383 (La.App. 4th Cir. 1976).
We, therefore, now conclude that there can be no right of appeal from the interlocutory decree of the Trial Judge denying the jury trial, absent the showing of irreparable injury, thus no appeal time has run, and this application for writs is timely.
We now come to the question of whether the state or a state agency or political subdivision as defendant can request a jury trial?
The right to a trial by jury is recognized, LSA-C.C.P. Art. 1731, except in those cases where it is specifically denied by law, LSA-C.C.P. Art. 1733.
The litigant's right to a jury trial is fundamental in character, and every presumption *1158 against a waiver, loss or forfeiture thereof will be indulged in by the courts. Champagne v. American Southern Insurance Co., 295 So.2d 437 (La.1974). We know of no reason why a public body should be treated any differently than any other litigant.
The Trial Judge was apparently of the opinion that the legislature expressly intended in LSA-R.S. 13:5105 that neither the private litigant nor the governmental litigant could request a jury trial in a suit against a public body. In support of his conclusion, he reasoned that LSA-R.S. 13:5105 was a simple clear statement and as such not subject to judicial interpretation. In further support, he noted that LSA-R.S. 13:5035 authorizes trial by jury to be demanded in all suits for trespass, for damages or for possession of real property, filed by the state against any person or legal entity, and this statute was in existence when the legislature enacted LSA-R.S. 13:5104 (now 5105).
It must of course be pointed out that LSA-R.S. 13:5035 is in a series of statutes concerned with granting certain suits filed by the state preferential treatment as to trial dates, payment of costs, and other procedural matters. LSA-R.S. 13:5035 when considered with the other related sections does not grant the right to a jury trial to the state in those enumerated cases, but rather simply provides that "should a trial by jury be demanded, a special panel shall be drawn for such purpose in accordance with the presently existing law." We do not see how LSA-R.S. 13:5035 when read in conjunction with LSA-R.S. 13:5105 justifies the conclusion that a public body defendant is prohibited from requesting a jury trial.
Further, in Callahan v. Town of Bunkie, 287 So.2d 629 (La.App. 3rd Cir. 1973), writ refused 290 So.2d 905 (1974), after a jury verdict against the public body, the governmental defendant as one specification of error complained of the jury trial in violation of the prohibition expressed in LSA-R.S. 13:5105. Our brethren on the Third Circuit said, "though the defendant public body is not required to submit to a jury trial, it can in its own discretion proceed in accordance with a trial by jury, and thereby waive its statutory protection."
Though the Callahan case does not expressly hold that a public body can request a jury trial when it is the defendant, it does hold that it can waive this exemption from a jury trial.
Earlier in Talley v. Friedman, 255 La. 735, 232 So.2d 495 (1970), the Supreme Court characterized the very same language now found in LSA-R.S. 13:5105 as the right of the state not to have the claim against it tried by a jury, thus implying that it is a privilege which must be exercised so as to prohibit jury trials as against public bodies.
Though this particular issue is res nova in that there are no reported cases dealing with a public body defendant requesting a jury trial, we reason that if the legislature had originally intended that no suit wherein the state, state agency or political subdivision was a defendant could be tried by a jury, or stated another way, that the state, state agency or political subdivision as defendant could not request a jury trial, which we doubt, the legislature has failed to reaffirm that intention after Bunkie and Talley when there was ample time to do so. In particular, the legislature in 1975 enacted Act 434 which amended and reenacted LSA-R.S. 13:5101 et seq. without changing any of the language of LSA-R.S. 13:5105 other than to change its numerical designation from 13:5104 to 13:5105. This failure to reaffirm any supposed intention must lead us to the conclusion that the original as well as present intention of the legislature as expressed in LSA-R.S. 13:5105 is not to deprive the public body defendant that opportunity for a jury trial if it so desires. We must, therefore, conclude that the Trial Judge was in error in denying defendants-relators' request for a jury trial.
Therefore, for the above and foregoing reasons, and after considering the petition of relators, the written reasons of the Trial Judge, and the opposition of respondents IT IS HEREBY ORDERED that a peremptory writ of mandamus issue herein, commanding *1159 the Honorable Ashby W. Pettigrew, Jr., Judge of the Thirty-Second Judicial District Court for the Parish of Terrebonne, to grant relators herein, the City of Houma, Chicago Insurance Company, and the Interstate Fire and Casualty Company, a trial by jury.
All such costs as are related to this application are assessed against respondents. Assessment of all other costs to await final determination on the merits.
PEREMPTORY WRIT ISSUED.