583 So.2d 938 (1991)
Daisy P. SCOTT and Alton J. Scott
v.
Judy H. CLARK and State of Louisiana Through the Department of Transportation and Development.
No. CW 91 0137.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
*939 Gregg J. Graffagnino, St. Martin, Lirette & Shea, Houma, for plaintiffs Daisy P. Scott and Alton J. Scott.
Michael L. Martin, Windhorst, Gaudry, Talley & Ranson, Gretna, for defendants (Requesting Writ) Judy H. Clark and State of La.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
LANIER, Judge.
This is a suit for damages in tort by Daisy P. Scott and Alton J. Scott (the Scotts) against the State of Louisiana through the Department of Transportation and Development (DOTD) and one of its employees, Judy H. Clark. The Scotts did not request a trial by jury. DOTD answered denying all allegations and did not request a trial by jury. Later, Clark answered and requested a trial by jury. On September 11, 1990, the trial court ordered a trial by jury contingent upon Clark posting a $5,000 bond. On November 27, 1990, during a pre-trial conference, the trial court *940 advised that the jury order signed September 11, 1990, would be stricken. On December 10, 1990, DOTD and Clark filed a motion to reinstate the jury order. The trial court denied this motion on December 11, 1990. On application of DOTD and Clark, we granted a writ of certiorari to review this ruling.

FACTS
In their petition, the Scotts allege the following facts:
3.
On or about June 18, 1989, at approximately 10:25 a.m., petitioner Daisy P. Scott was operating a 1985 GMC Sierra Classic pickup truck in the southbound lane of Louisiana Highway 316 approaching Intracoastal Canal Pontoon Bridge No. 4120200381. Petitioner crossed through the north gates of the aforementioned pontoon bridge, and was over the south side apron of the pontoon bridge when defendant Judy H. Clark, suddenly and without warning, raised the bridge apron, causing petitioner's vehicle to suspend in mid air.
4.
At all times pertinent hereto, it is alleged that the defendant State of Louisiana, through the Department of Transportation and Development, was the owner of the Intracoastal Canal Pontoon Bridge No. 4120200381, located on Louisiana Highway 316, in the Parish of Lafourche, State of Louisiana, and was responsible for the actions of its employees, namely defendant Judy H. Clark.
5.
As a result of the above described incident, petitioner Daisy P. Scott suffered severe personal injuries including, but not limited to, injuries to her back, neck, left shoulder, right knee, and chest.
6.
That, as a further result of the above described injuries, petitioner Daisy P. Scott has suffered extreme physical and mental pain, suffering and discomfort which, on information and belief, will continue indefinitely into the future.
7.
Additionally, as a further result of the above described injuries, petitioner Daisy P. Scott has incurred medical and pharmaceutical expenses for the treatment of said injuries and, on information and belief, will incur additional medical and pharmaceutical expenses indefinitely into the future.
8.
The personal injuries and damages sustained by petitioner Daisy P. Scott were caused by the negligent conduct and/or fault of the defendants, State of Louisiana, through the Department of Transportation and Development and its employee, Judy H. Clark, whose conduct and negligence was the legal cause of petitioner's injuries and damages, for the following nonexclusive particulars:
a. Improperly controlled bridge;
b. Failure to adequately and/or reasonably operate bridge;
c. Failure to see traffic on the bridge;
d. Opening the bridge apron when it was unsafe to do so;
e. Any and all other acts of negligence and/or fault which may be proven at the trial of this matter or discovered prior thereto.
9.
By reason of the above described circumstances, petitioner Daisy P. Scott is entitled to recover such general and special damages as are reasonable in the premises.
10.
By reason of his wife's injuries, petitioner Alton J. Scott has sustained the loss of his wife's love, affection, comfort, society, and consortium. Therefore, petitioner Alton J. Scott is entitled to recover all damages as are reasonable in the premises.

*941 RIGHT TO CIVIL JURY TRIAL
DOTD and Clark contend the trial court erred in denying their motion to reinstate the jury order because they have waived their immunity from trial by jury provided for in La.R.S. 13:5105. The Scotts reply that La.R.S. 13:5105 is clear and a suit against an entity described in that statute cannot be tried before a jury.
There is no United States or Louisiana constitutional right to a trial by jury in a civil case in a Louisiana court. This right is provided for by statute. La.C.C.P. art. 1731(A) recognizes the right to a trial by jury in a civil case, except as limited by La.C.C.P. art. 1732. La.C.C.P. art. 1732 provides that "[a] trial by jury shall not be available in ... (7) All cases where a jury trial is specifically denied by law." (Emphasis added) La.R.S. 13:5105 provides that "[n]o suit against the state or a state agency or political subdivision shall be tried by jury." (Emphasis added). When used in the Revised Statutes or Code of Civil Procedure, the word "shall" is mandatory. La. R.S. 1:3; La.C.C.P. art. 5053; Succession of Holloway, 531 So.2d 431 (La. 1988); Lindner v. Lindner, 569 So.2d 173 (La. App. 1st Cir.1990); In the Matter of Marine Shale Processors, Inc., 566 So.2d 994 (La.App. 1st Cir.), writ denied, 568 So.2d 1055 (La.1990). Cf. La.C.Cr.P. art. 5; La. C.J.P. art. 4.
The issue in this writ is a question of statutory interpretation. The following rules found in Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984) are applicable:
When a law or ordinance is clear and free from all ambiguity, it must be given effect as written....
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the law maker....
When the expressions of a law are "dubious", the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it.... When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory.... If there is an irreconcilable conflict between the provisions of a law, only one provision can prevail.
(Emphasis added; citations omitted)
See also Achee v. Louisiana State Employees' Retirement Board, 527 So.2d 1116, 1118-1119 (La.App. 1st Cir.1988); Notoriano v. Anthony, 527 So.2d 1120, 1121-1122 (La.App. 1st Cir.1988).
La.R.S. 13:5105 prohibits a trial by jury against the state or a state agency. It was enacted pursuant to La.Const. of 1974, art. XII, § 10(C) which declares that the legislature shall provide the procedure for suits against the state and its subdivisions. McCoy v. Ouachita Parish Police Jury, *942 564 So.2d 747 (La.App. 2nd Cir.1990). In enacting this statute, the legislature had a legitimate interest in preserving the state's financial resources and in minimizing the delays and greater court costs which generally attend jury trials. Rudolph v. Massachusetts Bay Insurance Company, 472 So.2d 901 (La.1985).
La.R.S. 13:5105 is clear and unambiguous in its application to DOTD. It states that no suit against a state agency shall be tried by jury. DOTD is not entitled to a trial by jury. When a statute is clear and free from all ambiguity, it must be given effect as written. Crescionne v. Louisiana State Police Retirement Board, 455 So.2d 1362 (La.1984); Wong v. East Baton Rouge Parish Sheriff's Office, 522 So.2d 1134 (La.App. 1st Cir.), writ denied, 523 So.2d 863 (La.1988); Bunch v. Town of St. Francisville, 446 So.2d at 1360. Cf. La.C.C. art. 9. The state, a state agency or a political subdivision may not circumvent this statutory prohibition by requesting a trial by jury. To hold otherwise, would defeat the purpose of this statute.
Our interpretation is supported by the Louisiana Supreme Court's decision in Descant v. Rapides Parish Police Jury, 409 So.2d 1226 (La.1982). In Descant, the Rapides Parish Police Jury (political subdivision) requested a trial by jury in connection with a suit for damages filed against it by Descant. The trial court granted the political subdivision's request. Descant filed a motion to strike the jury order citing La. R.S. 13:5105. The trial court granted the motion to strike and ordered a judge trial in the case. The political subdivision sought a supervisory writ from the court of appeal. The court of appeal held that the political subdivision was entitled to a trial by jury and reversed the trial court order which granted the motion to strike the jury order. Descant then sought supervisory relief from the Louisiana Supreme Court. In a per curiam opinion, the Louisiana Supreme Court held as follows:
We find that the language of La.R.S. 13:5105 is clear: "No suit against the state or a state agency or a political subdivision shall be tried by a jury." This is a suit against such an entity. Hence, the statute prohibits a trial by jury. The court of appeal erred in ruling otherwise.
See also, Daigle v. Hanson, 476 So.2d 953 (La.App. 1st Cir.1985).
In support of its positions that it is free to request a trial by jury or that it is free to waive its statutory protection under La. R.S. 13:5105, DOTD cites Talley v. Friedman, 255 La. 735, 232 So.2d 495 (1970); Triche v. City of Houma, 342 So.2d 1155 (La.App. 1st Cir.1977) and Callahan v. Town of Bunkie, 287 So.2d 629 (La.App. 3rd Cir.1973), writ not considered, 290 So.2d 905 (La.1974).
In Talley, the Louisiana Supreme Court characterized the language found in La. R.S. 13:5105[1] as the right of the state not to have the claim against it tried by a jury. However, the Talley court did not address the issue presented in the case. The issue in Talley was whether the plaintiff (a natural person) was to be denied his right to a jury trial of his principal demand against the defendants (a natural person and his corporate liability insurer) merely because the defendants brought the Department of Highway (now DOTD) into the case in a third party demand for contribution. The Talley court held that the plaintiff was entitled to a trial by jury on his principal demand. Talley is distinguishable.
In Callahan, the governmental defendant assigned as error on appeal a violation of the prohibition expressed in La.R.S. 13:5104 (now 13:5105). At no time prior to its appeal did the governmental defendant ever object to a trial by jury. In holding the governmental defendant waived its right to object to a trial by jury, the Third Circuit stated the following:

*943 From its failure to object to a trial by jury of the issues involved in this case, we find that the defendant, Town of Bunkie, has waived its right to object to such a jury trial under the authority of LSA-R.S. 13:1504. Though the defendant public body is not required to submit to a jury trial, it can in its own discretion proceed in accordance with a trial by jury and thereby waive its statutory protection. It could not have been the intention of the redactors of this article that this article would be utilized as a means to escape liability once it had been validly determined and assessed by a jury consented to by all parties. If this article were construed as an all encompassing prohibition against jury trials even after the manifestation of consent thereto by the state or other public body, then we would in effect allow an extreme injustice in the administration of our civil law. To construe this article in such a fashion would be to allow the state or other public body to have "two bites at the apple."
The defendant state or other public body could sit back and safely submit to a trial by jury, knowing beforehand that if a judgment were rendered adversely to their position that an ultimate appeal based upon LSA-R.S. 13:5104 would afford them relief. This we will not countenance.
(287 So.2d at 636).
See also, Simmons v. Beauregard Parish School Board, 315 So.2d 883 (La.App. 3rd Cir.), writ denied, 320 So.2d 207 (La. 1975).
Callahan is distinguishable from the instant case. Callahan dealt with the timeliness of a political body's objection to a trial by jury on appeal after a completed trial on the merits. In Callahan, there was no objection to the trial by jury until appeal. In this case, the trial court struck the jury order before trial pursuant to the authority of La.C.C.P. art. 964. This case is controlled by the Descant case and its progeny. We need not decide for purposes of this writ application whether a political body's failure to object to a trial by jury in the trial court results in a waiver of this objection.[2]
In Triche, this court considered whether the trial court erred in denying the request for a trial by jury filed by the City of Houma and its insurers. After considering the Talley and Callahan cases, this court stated the following:

Though this particular issue is res nova in that there are no reported cases dealing with a public body defendant requesting a jury trial, we reason that if the legislature had originally intended that no suit wherein the state, state agency or political subdivision was a defendant could be tried by a jury, or stated another way, that the state, state agency or political subdivision as defendant could not request a jury trial, which we doubt, the legislature has failed to reaffirm that intention after [Callahan] Bunkie and Talley when there was ample time to do so. In particular, the legislature in 1975 enacted Act 434 which amended and reenacted LSA-R.S. 13:5101 et seq. without changing any of the language of LSA-R.S. 13:5105 other than to change its numerical designation from 13:5104 to 13:5105. This failure to reaffirm any supposed intention must lead us to the conclusion that the original as well as present intention of the legislature as expressed in LSA-R.S. 13:5105 is not to deprive the public body defendant that opportunity for a jury trial if it so desires. We must, therefore, conclude that the Trial Judge was in error in denying defendants-relators' request for a jury trial. (Emphasis added)
(342 So.2d at 1158). *944 This court's holding in Triche is in direct conflict with the Louisiana Supreme Court's holding in Descant. Thus, Triche has been impliedly overruled by Descant and is no longer good law. We are bound to follow the holdings of this state's highest court.
DOTD is not entitled to a trial by jury in this matter. The trial court did not err in denying the motion to reinstate the jury order as to DOTD.
La.R.S. 13:5105 does not apply to Clark. The clear language of La.R.S. 13:5105 states that it only applies to the state, a state agency, or a political subdivision. Clark is an employee of a state agency. A state agency for purposes of La.R.S. 13:5105 is defined in La.R.S. 13:5102(A), in pertinent part, as "any board, commission, department, agency, special district, authority, or other entity of the state ..." and "does not include any political subdivision or any agency of a political subdivision." DOTD, as a department of the state, is a state agency for purposes of La.R.S. 13:1501 et seq. La.R.S. 13:5102(B) defines a political subdivision for purposes of La.R.S. 13:5105 as "any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency." See also La. Const. of 1974, art. VI, § 44(2). Thus, state agencies and political subdivisions are separate and distinct types of governmental entities for purposes of La.R.S. 13:5105.
La.R.S. 13:5101 provides as follows:
This Part applies to any suit in contract or for injury to person or property against the state, a state agency, or a political subdivision of the state, as defined herein, or against an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment. This Part also applies to any proceeding, except those specifically excluded by R.S. 13:5110, and to any other suit expressly authorized by special or general law or resolution adopted by the legislature. (Emphasis added)
Since laws on the same subject matter must be interpreted in reference to each other, La.R.S. 13:5101 appears to extend the prohibition against a trial by jury found in La.R.S. 13:5105 to "an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment." See La.C.C. art. 13. However, La.R.S. 13:5101 does not refer (or apply) to officers or employees of the state or a state agency.
The language pertaining to officers and employees of political subdivisions was added to La.R.S. 13:5101, by Act 781 of 1988. The title to this act[3] states the following:

SENATE BILL NO. 445 BY MR. HAINKEL AN ACT
To amend and reenact R.S. 13:5101 and to enact 5102(C), relative to suits against political subdivisions; to provide for procedure in suits against officers and employees of political subdivisions arising out of their official duties and employment; to provide definitions; and to provide for related matters.
It is clear from the title to Act 781 that the legislature intended the language added to La.R.S. 13:5101 by this act to apply only to officers and employees of political subdivisions and not to officers and employees of the state or a state agency.
The language used in La.R.S. 13:5101 is clear and unambiguous. The terms political *945 subdivision and state agency used in La.R.S. 13:5101 and 13:5105 are precisely defined in La.R.S. 13:5102 and refer to separate and distinct public bodies. La.R.S. 13:5101 and 13:5105 declare that a trial by jury is not available against the state, a state agency, a political subdivision, or an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment. The prohibition against a trial by jury does not extend to officers and employees of a state agency.
In Champagne v. American Southern Insurance Company, 295 So.2d 437 (La.1974), the Louisiana Supreme Court held that, considering the scheme of Louisiana's statutory and constitutional law, a civil litigant was not to be deprived of the important right of a trial by jury except by an express legislative provision. See also, Jones v. City of Kenner, 338 So.2d 606 (La.1976). Since La.R.S. 13:5101 and 13:5105 do not apply to Clark, an employee of a state agency, she cannot be deprived of her right to a trial by jury despite the substantial similarity of the issues against her and DOTD. See for example, Montgomery v. Opelousas General Hospital, 540 So.2d 312 (La.1989). The trial court erred in denying the motion to reinstate the jury order as to Clark.
Because the language of La.R.S. 13:5101, 5102 and 5105, when construed in pari materia, is clear and free of ambiguity, we must give it effect as written and are not free to rewrite it to effect a purpose that is not otherwise expressed. La.R.S. 1:4, Backhus v. Transit Casualty Company, 549 So.2d 283 (La.1989); Crescionne v. Louisiana State Police Retirement Board, 455 So.2d at 1364. Cf. La.C.C. art. 9; La.C.C.P. art. 5052. It is the province of the legislative branch of state government to correct any oversight (loophole) in these laws.
We further note that under La. C.C.P. art. 1735, one trial may be held with the jury deciding factual issues as to Clark and the trial judge as to DOTD.[4]
DOTD's assignment of error is without merit; Clark's assignment of error has merit.

DECREE
For the foregoing reasons, the writ issued herein is recalled in part, and the order of the trial court denying the motion to reinstate the jury order as to DOTD is affirmed. The writ issued herein is made peremptory in part, the order of the trial court denying the motion to reinstate the jury order as to Clark is reversed, and the motion to reinstate the jury order as to Clark is granted. This action is remanded to the trial court for further proceedings in accordance with law. The costs of this writ shall be assessed in a final judgment on the merits in the trial court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[1] At the time the Talley case was decided, La. R.S. 13:5104 provided for the statutory prohibition found in La.R.S. 13:1505. La.R.S. 13:5104 at that time stated that "No suit against the state or other public body shall be tried by jury." The legislature in 1975 enacted Act 434 which amended and reenacted La.R.S. 13:5101 et seq. and which changed the numerical designation of La.R.S. 13:5104 to 13:5105.
[2] In Callahan and Simmons, the appellate courts held that the political body waived its right to object to a trial by jury on appeal because the public body did not object in the trial court. These cases follow the general rule that courts of appeal will only review issues which were submitted to the trial court. Rule 1-3 of the Uniform Rules of Louisiana Courts of Appeal; Novick v. Miller, 222 La. 469, 62 So.2d 645 (1952). They also follow the general rule that in the absence of an objection in the trial court, the complaining party waives his right to complain of the alleged impropriety on appeal. The reason for this rule is that, in the absence of an objection, the trial court is afforded no opportunity to prevent or correct the alleged error. La.C.C.P. art. 1635; Calderon v. Johnson, 453 So.2d 615 (La.App. 1st Cir.1984).
[3] All Acts of the legislature must have titles indicative of their object. La.Const. of 1974, art. III, § 15(A); Javeler Construction Company, Inc. v. Federal Insurance Company, 472 So.2d 258 (La.App. 1st Cir.), writ denied, 476 So.2d 354 (La.1985). Although the title of a legislative act is not part of the statute, it may be used to determine legislative intent. State v. Mobley, 568 So.2d 1368 (La.App. 1st Cir.1990); Javeler Construction Company, Inc. v. Federal Insurance Company, 472 So.2d at 263.
[4] Any conflicts between the factual findings of the jury and the judge as to the liability of Clark for purposes of the respondeat superior liability of DOTD can be resolved by a judgment notwithstanding the verdict (JNOV) pursuant to La.C.C.P. art. 1811.