J^DENNIS R. BAGNERIS, Sr., Judge.
On December 29, 2003, this court received an order dated December 19, 2003 granting certiorari and remanding this ease to this court. On January 6, 2004, the plaintiffs filed a motion to dismiss the writ application for failure to comply with Uniform Rules of Court, Rules 4-2, 4-3, and 4-5. On January 9, the defendants filed an opposition to the motion to dismiss. On January 14, 2004, this Court issued an order that 1) directed the Clerk of CDC to provide the entire record for the case; 2) ordered the court reporter to provide a copy of the transcript of the March 14, 2003 hearing on the motion to compel discovery; and 3) ordered the trial judge to provide this court with a per curiam. The transcript of the March 14, 2004 hearing and the per curium from the trial court were received on January 29, 2004.

*117
FACTS AND PROCEDURAL HISTORY OF THE CASE

The underlying litigation arises out of the fatal shooting of Steven Hawkins, Jr. on March 17, 2001 by off-duty officer, Eric Hessler. In March of 2000, the parents of the decedent filed suit against Officer Hes-sler and the New Orleans Police Department seeking damages occasioned by the fatal shooting of their son.[1] The plaintiffs requested a trial by jury. The defendants filed a motion to strike the jury, and the plaintiffs filed a motion to compel discovery. Following a hearing, the trial court ruled in favor of the plaintiffs on various portions of the motion to compel discovery. Additionally, the court granted the motion to strike the jury as to the City of New Orleans. However, the court kept the jury with reference to the | ^police department, noting that the defendants were welcome to take writs on the issue. The defendants’ attorney requested thirty days to take a writ, and the court responded, “That’s fine.”
On June 13, 2003, the City of New Orleans (City) filed writ application No.2003-1060 seeking review of the judgment denying its motion to strike the plaintiffs jury request and granting the plaintiffs motion to compel discovery of defendant, Eric Hessler’s home address. In its writ application the City alleged that the complained of judgments were rendered following a hearing held on May 9, 2003, and the City further alleged that the complained of judgments were attached to the writ application as exhibits one and two. However, the writ application contained no attachments. In addition to failing to attach the May 9, 2003 judgments the City also failed to attach a notice of intent to seek supervisory writs or an order setting a return date for the filing of the writ application. Moreover no motions or oppositions of any type were included with the writ application. Rather, the City merely set forth two short legal arguments on the merits of the writ application.
Upon receipt of the writ application, personnel from the Clerk’s Office contacted the attorney handling the case for the City at least four times and requested the missing documentation.[2] Approximately one month later, on July 11, 2003, the clerk received a letter from the City’s attorney apologizing for not including all necessary judgments or notices with the writ application; however, the attorney alleged that the writ was filed before all necessary judgments or notices were obtained. However, the City still failed to attach any of the needed ^documents. On July 14, 2003, the plaintiffs filed a motion for extension of time to respond to the writ application, noting that it did not learn that the City had filed a writ application until July 11, 2003 when a copy of the writ was faxed to counsel. On July 22, 2003, the plaintiffs filed a reply to the writ application. As of August 29, 2003, the City still had failed to supplement its writ application with any of the requested documents; thus, notwithstanding numerous calls to the City Attorneys’ office, the City’s writ application remained incomplete. Meanwhile, along with their reply brief, the plaintiffs provided the court with a copy of a judgment signed on May 9, 2003, along with a notice dated May 12, 2003 addressed to the attorney for the plaintiffs and the attorney for the City. The judgment supplied by the plaintiffs only addressed discovery issues; it was silent on the issue of the motion to *118 strike the jury. Moreover, in contradiction of the City’s allegation that the judgment was rendered on May 9, 2003, the plaintiffs averred that the trial court heard the motion to compel and the motion to strike the jury on March 14, 2003 and orally ruled on both motions from the bench that same day. The plaintiffs further averred that the City notified the court it intended to file writs, and the court told the City that it had thirty days within which to file the writs. Assuming arguendo that the discrepancies in dates were resolved in favor of the City, the starting date for the filing of the writ would have been May 9, 2003. Thus, based on the allegations of the writ application the writ application was filed untimely because it was not filed until June 13, 2003, over thirty days after the notice of signing of judgment. For that reason and also because the writ was incomplete, the writ application was not considered. Further, because the May 9, 2003 judgment submitted by the plaintiffs with their reply brief only addressed the discovery issue, the writ|4application contained nothing to show that the trial court had ruled on the jury trial issue. For that reason this Court concluded that no basis for ruling on the jury trial issue existed.
On September 10, 2003, this Court denied the City’s writ based on the showing made. On October 8, 2003, the City sought writs in the Louisiana Supreme Court. On November 26, 2003 (while its writ of certiorari was still pending in the Louisiana Supreme Court), the City filed another writ application in this Court. The sole assignment of error in this second writ application was that the trial court had erred in denying the defendants’ motion to strike the plaintiffs’ jury trial request. This new writ application contained a judgment signed on July 17, 2003 indicating that the court orally denied the motion to st4rike the jury trial on March 14, 2003. However, this second writ application was incomplete in that it contained no notice of intent to seek supervisory writs, no order setting a return date for the filing of the writ, no certificate of service, and no indication that the defendants had given either the trial court or the plaintiffs notice of the filing of the writ application. Additionally, the writ was untimely on its face.
Accordingly, on December 19, 2003, this Court dismissed writ no. 2003-C-2087 for failure to comply with Uniform Rules of Court, Rule 4-2, Rule 4-3 and Rule 4-5. This Court has received no documents and no allegations have been made by any of the parties to suggest that the defendants sought any further review of the dismissal of writ no. 2003-2087.
However, in Robertson v. Hessler, 2003-2783 (La.12/19/03), 861 So.2d 573, the Louisiana Supreme Court issued the following ruling regarding writ no. 2003-C-1060: “Granted and remanded to Court of Appeal.”

DISCUSSION

The first issue to be considered by this court is whether the plaintiffs’ motion to dismiss this writ application has merit.
The plaintiffs argue that the writ application should be dismissed because the original writ application filed in this court was incomplete and the writ application was filed untimely.
The defendants’ writ application was clearly incomplete at the time of filing and remained incomplete for approximately three months while this Court attempted to obtain the missing pleadings, i.e. the judgment, the notice, and order setting a return date. While counsel for the defendants acknowledged in writing that the judgment and notices were missing, coun *119 sel never provided these documents to the court.
The trial record contains a judgment dated July 17, 2003, which states that the claims against the City of New Orleans shall be heard before a judge and the claims against Officer Hessler shall be heard before a jury. Additionally the record contains a notice of signing of judgment showing that the July 17, 2003 judgment was sent to the defendants’ attorney on July 18, 2003. Yet, the defendants failed to provide this judgment to this Court prior to dismissal of its writ application in September of 2003. The defendants, while acknowledging the deficiencies in their original writ application, argue that they should not be penalized for their attorney’s “procedural oversight.” While acknowledging that the original dismissal was most likely due to the writ being untimely, the defendants argue that this issue was subsequently resolved when they requested that the trial court re-issue its judgment to allow for a timely review based on the fact that the initial notice of signing of judgment was mailed to prior counsel’s 1 fiprivate office. It was this mailing of the notice to counsel’s private office that they allege prohibited them from seeking a timely review. However, they note that the trial court re-issued notice on September 22, 2003, and they then timely filed their notice of intent and filed their second writ, writ application No.2003-C-2087. Yet, they also admit that they neglected to attach the new notice to writ no. 2003-2087. They label this failure “inadvertent” on the part of their counsel and argue that notwithstanding the numerous procedural deficiencies in the two prior writ applications, the court should now entertain this case to prevent a manifest injustice against the defendants. Moreover, they noted that despite these procedural defects, the Louisiana Supreme Court granted their writ and remanded the case to this Court for consideration. While acknowledging that the Supreme Court gave no reasons for the remand, they argue that the Supreme Court undoubtedly granted their writ to cure what the court recognized to be an obvious miscarriage of justice because the law clearly states that no trial by jury is available in a suit against a municipality or an employee thereof acting in the course and scope of his employment.
There is no question that both of the writ applications previously filed in this court were incomplete and contained other procedural irregularities that prevented this Court from considering the merits. Moreover, as to the jury trial issue, the first writ application was either premature or untimely and the second writ application was clearly untimely when filed. The writ was premature because at the March 14, 2003 hearing, the trial court failed to address the issue of whether the plaintiffs were entitled to a jury trial against Officer Hessler. Rather, the record clearly indicates that at the March 14, 2003 hearing, the court orally granted the motion to strike the jury trial request with reference to the City, but kept the jury with 17reference to “the police department.” The defendants were given thirty days to take writs from this ruling and failed to do so within the thirty-day period. However, when the judgment rendered at the March 14, 2003 hearing was reduced to writing on July 17, 2003, the judgment stated that the court was dismissing the police department from the litigation and keeping the City and Officer Hessler as defendants. Clearly, there was some confusion on the part of the parties as to the granting of the jury trial. Only in the written judgment was any mention made of the granting of a jury trial against Officer Hessler. However, there is a discrepancy in the transcript and the judgment. Ordinarily in such *120 cases, the transcript would prevail. Thus, having reviewed the records now available and having discovered that no mention of a jury trial against Officer Hessler was made, it is clear that writ No. 2003-C-1060, which was filed on June 13, 2003, was premature as related to any ruling allowing a jury trial against Officer Hessler.
While the July 17, 2003 judgment was attached to writ no. 2003-C-2087, it was based on the documents in file, that writ was untimely because it was filed on November 26, 2003, more than thirty days after the judgment was signed. Moreover, the plaintiffs sought no further review of that writ. Thus, the primary issue to be considered is the effect of the new notice of signing of the July 17, 2003 judgment that was mailed on September 22, 2003. If that notice was valid, the notice of intent filed on October 7, 2003 would have been timely, and the writ filed on November 26, 2003 would also have been timely. None of the parties cites any jurisprudence providing for a re-issuance of a notice of signing. However, by re-issuing the notice, the trial court implicitly extended the time for filing the writ application. While it would appear a trial court has discretion to decide whether to extend the time for filing a writ application, this court has held that a return date |smay not be extended after the time for filing the writ has expired. A writ application challenging the July 17, 2003 judgment should have been filed no later than August 18, 2003, yet the defendants let that day pass and then apparently sought a re-issuance of the judgment at some later, undetermined date.
The record contains no documents to explain why the trial court reissued the July 17, 2003 judgment on September 22, 2003. The defendants suggest that it was because the previous judgment was sent to their prior counsel’s private office. However, the record does in fact show that the notice of signing was mailed to a different address other than the City Hall address to which the previous correspondence to counsel was sent. Thus, it is possible that although there is no allegation that prior counsel (who was still counsel of record when the judgment was mailed and who was the counsel who filed the original writ application) never received the notice, the trial court may reasonably have believed that re-issuance of the notice was justified.[3]
A copy of the writ application filed with the Supreme court was obtained from our Clerk’s office and has been reviewed. The sole assignment of error raised in the petition for writ of certiorari was that this Court committed manifest error in affirming the denial of the defendants’ motion to strike the jury. In support of its writ to the Louisiana Supreme Court, the City attached a judgment from the trial court that had been signed on July 17, 2003, and a copy of the September 10, 2003 judgment from this court denying its writ application based on the showing made. The July 17, 2003 judgment, which was never filed with this court, provided in relevant part as follows:
|,IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiffs’ claims against the City of New Orleans shall be heard before a Judge.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs’ claims against Eric Hessler, (sic) shall be heard before a jury.
*121 Likewise, although the plaintiffs filed a reply to the City’s writ of certiorari on November 21, 2003, the plaintiffs did not address the motion to compel issue. Instead, in addition to addressing the merits of the City’s argument that this court had erred in affirming the judgment denying the City’s motion to strike the jury trial as related to Officer Hessler, the plaintiffs addressed the timeliness and/or prematurity of writ no. 2003 C 1060, the writ filed in this court.
As previously stated, a review of the record supports a finding that the City’s writ application challenging the denial of the motion to strike the jury was clearly either untimely and/or premature. Nevertheless, the judgment denying the motion to strike the jury trial as to Sergeant Eric Hessler was erroneous and should be reversed.
La. R.S. 13:5105 provides in relevant part, “No suit against a political subdivision of the state shall be tried by jury....” Additionally, La. R.S. 13:5101 provides in relevant part:
B. This Part applies to any suit in contract or for injury to person or property against the state, a state agency, an officer or employee of the state or a state agency arising out of the discharge of his official duties or within the course and scope of his employment, or a political subdivision of the state, as defined herein, or against an officer or employee of a political subdivision arising out of the discharge of his official duties or within lmthe course and scope of his employment. ... (emphasis added)
La. R.S. 13:5101 extends the prohibition contained in La. R.S. 13:5105 against a trial by jury to an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment. Hampton v. Miller, 620 So.2d 896, 897 (La.App. 4 Cir.1993), citing Scott v. Clark, 583 So.2d 938, 944 (La.App. 1 Cir.1991).
The City of New Orleans is a political subdivision and municipality within the Parish of Orleans, State of Louisiana, and the City, through the New Orleans Police Department, is the employer of defendant, Officer Eric Hessler.
As quoted from the plaintiffs’ own pleadings, the plaintiffs admit:
rv.
At all times pertinent, defendant, Hes-sler, was an employee, officer and acting within the course and scope of his employment with defendant, New Orleans Police Department.
Because the plaintiffs have admitted that Officer Hessler was acting within the course and scope of his employment with the Police Department at the time of the incident forming the basis for their action, the prohibition against a jury trial applies.
The procedural history of the case clearly indicates that this Court correctly denied writ No. 2003-C-1060 based on the information presented in the writ application at that time. However, considering the entire record before this Court, the trial court erred by denying the motion to strike as to Officer Hessler, and the judgment of the trial court is reversed.
WRIT GRANTED; JUDGMENT REVERSED AND REMANDED.
McKAY, J., concurs in the result.
MURRAY, J., concurs with reasons.

. The suit was later amended to substitute the City of New Orleans for the New Orleans Police Department.

. Dianne Cassioppi called and spoke to Mr. Bossetta and/or someone in his office on June 13, June 17, June 20 and June 26 and requested the needed documents, to no avail.

. On October 2, 2003 a motion was filed to substitute new counsel for the City. An order allowing the substitution was signed on October 10, 2003. The order incorrectly has October 10, 2002, but this is impossible because the motion was not filed until October of 2003 and order was not entered on minutes until October 14, 2003.