## No. 459.

### MARGARET S. POOL *v.* ANNIE ALEXANDER AND HUSBAND.

The plaintiff sold her interest in her father's succession to her co-legatee and consequently co-owner, who is the defendant in this case, and in the enjoyment of that interest it is not pretended that said defendant has been disturbed. It matters not whether that interest was a third or a half. The purchaser has received all that she purchased, to wit: the interest, whatever it is, and she must pay the price she has agreed to. It can not be seen under what error of law, as alleged, the defendant could have been, when making the purchase.

The plea of want of consideration is not well founded. The plaintiff did not sell any slave, but only whatever interest she might have in her father's estate. Besides, in 1867, the date of the defendant's purchase, there were no slaves to buy or to sell.

After the plaintiff sold all her interest in the succession of her father to the defendant, she had nothing to do with whatever debts of the succession the defendant chose, or was compelled to pay. There was no error in the judgment which passed over in silence the defendant's reconventional demand. To give judgment in favor of the plaintiff for the amount claimed, was practically to dismiss the reconventional demand—which dismissal the evidence justifies.

The judge *a quo* did not err in refusing to allow the defendant to submit her pretensions on her reconventional demand to a jury. The suit being on a promissory note and no fraud being set up as a defense, no jury was allowed by law to try the issue. Reconvention is an incidental demand. If the principal action could not be submitted to a jury, neither could that which was an incident thereto.

It is too late to enter a remittitur after an appeal has been granted. After the judgment was signed, it could only be corrected on appeal.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. *Newton & Hall*, for plaintiff and appellee. *S. G. Parsons*, for defendant and appellant.

MORGAN, J. Plaintiff claims from the defendant $1518 75, balance due on a note of $4000. She also asks to have her hypothecary rights upon a certain piece of property, given to secure the payment of the sum due her, recognized. The defense is error of law and want of consideration.

Plaintiff's father, at his death, left a widow and two children. The property he owned at his decease was community property. By will

he divided his estate between his widow and his children, giving to each a third part thereof. His property consisted in land, slaves and personal property. He died in 1863. No effort was made to attack the will. The legatees seem to have acquiesced in its provisions. On the fourth January, 1867, plaintiff sold her interest in her father's succession to his widow, the present defendant. The executor's account had, at that time, been presented and homologated, after which it would seem that the heirs took possession of the estate. Bussey, a witness, swears that he thinks they did. Parsons says that upon the rendition of the account the property was turned over to the heirs and those who represented them, and that the executors were discharged.

The alleged error of law and want of consideration is this: The defendant says that the property left by her husband was community property, of which she was the owner, in her own right, of the one-half, and that plaintiff could only sell her the one-third of the one-half thereof, instead of the one-third of the whole. Consequently she contends that, as the plaintiff sold her more than she had title to, she, the defendant, was in error of law when she purchased more than the plaintiff had to sell. The proposition seems to us untenable.

The plaintiff sold her interest in her father's succession, whatever that interest might have been. She sold to her co-legatee, and consequently co-owner. Whether that interest was a third or a half matters not. It was not a certain number of acres of land, or a certain quantity of movables which she sold, but her interest in the sucession of her father, and in the enjoyment of this interest it is not pretended that she has been disturbed. We can not see under what error of law the defendant could have been laboring when she made the purchase. Even if she was in error, this error was not the only or principal cause of her contract, and would not, therefore, either invalidate the sale or entitle her to a diminution of the price. C. C. 1846. She has received everything which she purchased, and she must pay the price which she agreed to pay therefor.

Another want of consideration urged is that the plaintiff sold her interest in the negroes, which formed a portion of her father's estate. This is not the sale of a slave. In 1867, the date of the defendant's purchase, there were no slaves to buy or to sell. Whatever interest she had she sold, and the defendant bought nothing else.

There was no error in the judgment which passed over in silence the defendant's reconventional demand. To give judgment in favor of the plaintiff for the amount claimed is, practically, to dismiss the reconventional demand, and this the evidence satisfies us was proper, as there is nothing in the record which would authorize a judgment in defendant's favor on that demand. Admitting everything which she

alleges to be true in this regard, after the plaintiff sold all her interest in the succession of her father to the defendant, she had nothing to do with whatever debts of the succession the defendant chose, or was forced to pay. Neither do we think the judge erred in refusing to allow the defendant to submit her pretensions, on her reconventional demand, to a jury. The suit being on a promissory note and no fraud being set up as a defense, no jury was allowed by law to try the issue. Reconvention is an incidental demand. If the principal action could not be submitted to a jury, neither could that which was an incident thereto be. There is error in the judgment in this, that it gives more to the plaintiff than she claimed in her petition. This error was sought to be corrected, and a remittitur was entered for the excess. But this remittitur was entered after an appeal had been granted. This was too late. After the judgment was signed it could only be corrected on appeal. But this error can be corrected here.

It is therefore ordered, adjudged and decreed that the judgment of the district court be amended by reducing the same to fifteen hundred and eighteen dollars and seventy-five cents, with interest as claimed in plaintiff's petition. The costs of the court below to be paid by the defendant, those of the appeal to be paid by the appellee.

Rehearing refused.