451 So.2d 1298 (1984)
Ralph SHOOK
v.
CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY.
No. 83 CA 0809.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1299 Arthur Cobb, Baton Rouge, for plaintiff-appellant Ralph Shook.
W. Luther Wilson, Baton Rouge, for defendant-appellee Cambridge Mutual Fire Insurance Co.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Ralph Shook received severe injuries while in the act of cutting up a tree he had felled for his Masonic Lodge brother, Carl Broussard. Shook brought the present suit against Broussard's homeowner's insurer, Cambridge Mutual Fire Insurance Company, to recover for those injuries. The trial court after trial on the merits rendered judgment for Cambridge Mutual. We affirm.
Shook felled a live oak tree for Broussard. The tree was on Broussard's property, and fell upon Broussard's property after it was downed. After the tree was felled the trunk was held some three or four feet above the ground by the branches, which supported the tree trunk. Shook with the assistance of his future son-in-law and one Laiche, and some assistance from Broussard, set about cutting off the branches from the trunk. While Shook was cutting a branch, which it developed supported the trunk, the tree shifted, and Shook was thrown under the trunk by a branch immediately behind Shook's neck. Shook fell in a ball and received many broken ribs, two broken vertebrae, and a broken heel bone.
Shook seeks to hold Cambridge, Broussard's homeowner's insurer, liable on a theory of strict liability under LSA-C.C. art. 2317 (see also Loescher v. Parr, 324 So.2d 441 (La.1976)) or under absolute liability from the defendant's having engaged in an ultrahazardous activity under the reasoning in Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971). However, as is pointed out in Kent v. Gulf States Utilities Co., 418 So.2d 493 (La. 1982), strict liability merely eliminates the requirement that the plaintiff show that defendant knew that an object under his custody was defective. Knowledge is presumed. It still must be proven, however, that the object was defective. The tree was not defective. It was stipulated at the beginning of trial on the merits that it was not rotted or otherwise structurally defective. Thus, the only defect in the tree that could exist was the position in which the tree came to rest after it was felled. However, it was plaintiff, Shook, who felled the tree, and allowed it to come to rest as it did. Victim fault is a defense in strict liability cases. Loescher v. Parr, supra. As Shook was responsible for his own injuries, he cannot recover under a theory of strict liability. Furthermore, Shook cut a supporting branch without taking adequate safeguards, as he himself admitted at trial. Had he seen that he was likely to be *1300 thrown under the tree upon cutting the branch supporting the trunk, he admitted he would not have cut the supporting branch. The fault is solely his own, rather than that of Broussard.
As to the ultrahazardous activity theory advanced by plaintiff, that theory applies when the defendant is engaged in an ultrahazardous activity. See Kent, supra. Here, if the activity was ultrahazardous, it was plaintiff, not defendant, who was engaged in an ultrahazardous activity. Thus, Shook cannot recover.
The judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.