YELVERTON, Judge.
The State Department of Transportation and Development (DOTD) was one of the defendants against whom the plaintiffs, the heirs of Ruby Guidry, obtained a judgment for injuries sustained by Mrs. Guidry in a two-vehicle collision. DOTD’s liability was based on negligence for failure to warn the motoring public of an unusual road condition occasioned by highway construction. DOTD appealed. Because we find the accident was caused solely by the negligence of the truck driver who ran a stop sign and hit the vehicle in which Mrs. Guidry was a passenger, we reverse the judgment of DOTD’s liability.
Suit was initially filed by Ruby Guidry on November 17, 1981. The original defendants were Joseph E. Whitmore, Jr., the driver of the truck, his employer, H.S. Anderson Trucking, their liability insurer, Transport Indemnity Co., and the insurer of the car in which the plaintiff was a passenger, Mid-American Indemnity Co. DOTD, Pearson Construction Company, Inc., and Pearson’s insurer were brought into the suit by the third party demand of Whitmore, H.S. Anderson Trucking, and Transport Indemnity Co. Plaintiffs petition was amended to have these additional parties made defendants. During the pendency of the action Mrs. Guidry died of causes unrelated to the accident, and her heirs were substituted as parties plaintiff. Before trial all defendants except the State, Pearson Construction Company and Pearson’s insurer were dismissed. Trial proceeded with a jury determining the liability of Pearson and its insurer, and the judge determining the liability of DOTD. Pearson was found free of fault. DOTD was held liable on a negligence theory and responsible for 20 percent of a $75,000 judgment. DOTD has appealed devolutivefy-
The accident happened on November 25, 1980, when Joseph E. Whitmore, driving an 18-wheel truck, ran a stop sign near a construction site and collided with a car driven by Mrs. Elsie Taylor. Mrs. Ruby Guidry, a passenger in the car, was injured.
Repair work was being done on the Interstate 10 overpass which ran in an east-west direction over Louisiana Highway 182, which ran north-south. Because of the repair work, the northbound lanes of the four-lane Highway 182 were closed off and northbound traffic was rerouted into the easternmost southbound lane. For a period of 13 days there was two-way traffic in the normally southbound lanes. On the twelfth day of this rerouting the Taylor vehicle was driving northbound in accordance with the rerouted traffic flow. Mr. Whitmore exited off the westbound Interstate and bore to the right. He was attempting to travel to a truck stop located across Louisiana Highway 182. To get to the truck stop Whitmore had to cross the closed northbound lanes to the median separating the north and south lanes. At the median there were two stop signs. He would then cross the normally southbound lanes and directly enter the truck stop driveway/parking lot. On this occasion he crossed the normally northbound lanes, but instead of stopping at the stop signs on the median, Whitmore entered the other two lanes without stopping and hit the northbound Taylor vehicle.
In the deposition taken before her death, Mrs. Guidry stated that she spoke with the truck driver immediately following the accident. Mr. Whitmore told her that he had been coming too fast and if he had stopped, his load of pipes could have gone through his cab. In his deposition and at trial, Mr. Whitmore said that he did stop and looked to his right then proceeded past the median into the intersection. He did not see the car coming from the left as he did not realize at that moment that traffic was going in both directions. He had been aware previously of the two-way traffic *1300 situation and had apparently driven that road that morning but just forgot. The trial court found that Mr. Whitmore ran the stop signs, and we find no error in this determination.
The evidence presented at trial against the State centered on whether an alternate method of rerouting traffic would have been safer, or whether a two-way traffic sign was necessary. The plaintiffs’ expert, Mr. Dwaine Evans, testified that traffic lights could have been installed or that a median could be graded down to allow the large trucks more turning room. Alternatively, he stated that with the route actually used a sign should have been posted near the stop signs Mr. Whitmore ran, warning of the two-way traffic on the intersecting street. The defendants’ expert, Mr. Larry Harry, the traffic engineer on the project, testified that a traffic light would have congested the intersection and that grading down the median would have required additional construction work. He further testified that the Uniform Traffic Control Manual did not provide for a two-way traffic sign which could be used as Mr. Evans suggested. Two-way traffic signs are used to show that the street a vehicle is proceeding on is a roadway for two-way traffic, but there is no sign to indicate an intersecting street has two-way traffic. Mr. Evans himself confessed he had never seen a two-way traffic sign used in such a way.
Based on this evidence, the trial judge found the State negligent for failing to post a two-way traffic warning. He found no liability under C.C. art. 2317 as he did not believe there was a “defective thing which caused the plaintiff’s damages.” We reverse the finding of negligence as to the State because the trial court committed manifest error in finding DOTD’s negligence caused the plaintiff’s injury.
The issues raised on appeal are (1) whether the trial court erred in finding DOTD negligent, (2) whether the State may be held strictly liable under C.C. art. 2317 and (3) whether the trial court erred in requiring the State to pay 20 percent of the judgment rather than 50 as a solidary obli-gor.
The trial judge found negligence on the part of DOTD for failing to warn drivers entering the intersection to beware of two-way traffic. However, negligence is only actionable where it is both a cause in fact of the injury and a legal cause of the injury. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980). Under the facts of this particular case, we cannot find that DOTD’s failure to warn the truck driver of two-way traffic at the intersection is a cause in fact of the plaintiff’s injury. The truck driver had actual knowledge of the two-way traffic. The evidence indicates he had been driving on that two-way roadway for days and may have driven on it that morning. He testified, however, that at the very moment of the accident, he had no idea that there was two-way traffic. While even the “reasonable man” is permitted an occasional lapse of memory, the critical inquiry is whether or not Mr. Whitmore was exercising ordinary care at the time of the accident and whether or not it was reasonable for him to forget the presence of the rerouted traffic. Soileau v. South Cent. Bell Tel. Co., 406 So.2d 182 (La.1981). His failure to stop at an intersection which he himself considered dangerous, when conditions were dark and rainy, was inconsistent with the exercise of ordinary care. Nor was it reasonable for him to forget the presence of the re-routed traffic. Mr. Whitmore was a professional truck driver. He passed alongside approximately 10 construction cones before turning left to approach the stop signs. Considering these facts, the lapse of memory experienced by Mr. Whitmore was unreasonable and does not diminish the fact that he had actual knowledge of the two-way traffic situation. We do not find the doctrine of “momentary forgetfulness” applicable in this case. See Hailey v. LaSalle Parish Police Jury, 302 So.2d 668 (La.App.3rd Cir.1974), writ denied, 305 So.2d 540 (La.1975).
Coupled with the fact that the truck driver knew of the danger, he also ran the double stop signs posted at the intersec *1301 tion. Having ignored the signs already posted, we do not believe additional signs would have prevented the truck driver’s actions. Mrs. Guidry’s injuries were not caused by a lack of warning signs, but by the failure of the truck driver to stop at an intersection which he knew to be a dangerous one. We therefore find that no act or failure to act on the part of DOTD was the cause in fact of the plaintiff’s injury. Her injury was caused solely by the fault of the professional truck driver.
The appellee contends that the State should be strictly liable under C.C. art. 2317. We disagree. Strict liability merely eliminates the need of proving knowledge on the part of the defendant that an object under his custody was defective. Shook v. Cambridge Mut. Fire Ins. Co., 451 So.2d 1298 (La.App. 1st Cir.1984), writ denied, 458 So.2d 122 (La.1984), Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). The injured person must still prove that the damage resulted from the vice. Loescher v. Parr, 324 So.2d 441 (La.1975). Whether or not the construction site was a defective thing, on the facts before us, the plaintiff’s harm did not result from the vice.
As we find no liability on the part of the State, we need not address the issue of damages.
For the foregoing reasons, the judgment finding the State Department of Transportation and Development liable in the case is reversed and set aside, at appellants’ costs.
REVERSED.