590 So.2d 1230 (1991)
Ramona J. PINION, et al
v.
LOUISIANA FARM BUREAU. Consolidated with
Charles FUNK
v.
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, et al.
Nos. CA 90 1359, CA 90 1360.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Writ Denied February 7, 1992.
*1231 Hobart Pardue Jr. and Elizabeth Murry, Springfield, for plaintiff-appellee Ramona Pinion.
Craig Robichaux and Charles Hughes, Bogalusa, for plaintiffs-appellees W.E. Dykes and La. Farm Bureau.
Stacey Moak, Baton Rouge, for defendant-appellant State of La. through the Dept. of Transp. and Development.
Gordon E. Causey, Hammond, for defendant-appellant Charles Funk.
Paul G. Preston, New Orleans, for plaintiff-appellee Diamond Const. Co.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal of a judgment by the trial court finding that the Department of Transportation and Development was at fault for a traffic accident by failing to post a reduced speed limit sign in an area where the highway was under construction. The trial court also denied a motion for a new trial filed by one of the plaintiffs, Charles Funk.

ANALYSIS
This action results from an automobile accident. On or about July 1, 1986, Beatrice Pinion Funk was killed when the automobile she was driving collided with a delivery truck driven by Emercial Coleman. Ms. Funk's sister, Tracy Pinion, and her mother, Ramona Pinion, were guest passengers in the Funk automobile at the time of the accident and both were seriously injured. The accident occurred at the intersection of La. Highway 431 and La. Highway 931 in Ascension Parish. Coleman was traveling on La. Highway 931. Funk was traveling on La. 431 which was controlled by a stop sign at its intersection with La. Highway 931. A portion of La. Highway 931 was being overlaid with a coat of asphalt. From the direction in *1232 which Coleman came, there were signs prior to entering La. Highway 931 that La. Highway 931 was under construction. There is approximately 500 feet from the point where Coleman turned on to La. Highway 931 to the intersection where the collision occurred. The plaintiffs argued at trial that DOTD was negligent by failing to place a sign reducing the speed limit from 55 mph to 45 mph within the 500 feet from the point where the truck entered La. Highway 931 to the point where the collision occurred.
Charles Funk filed suit individually and on behalf of the minor child, Jeffrey Charles Funk. Ramona J. Pinion and Pat Pinion (hereinafter referred to as the "Pinions") also filed suit individually and on behalf of the minor, Tracy Pinion. Made defendants in this action were Emercial Coleman, his employer, W.E. Dykes, and the employer's insurer, Louisiana Farm Bureau Casualty Insurance Company (hereinafter referred to as Farm Bureau), the Louisiana Department of Transportation and Development (hereinafter referred to as "DOTD") and the construction company resurfacing La. Highway 931. The construction company was dismissed as a defendant prior to trial.
A bifurcated trial was held, the jury deciding the issues as to the non-governmental defendants, and the judge deciding the issues as to DOTD, pursuant to LSA-R.S. 13:5105. The jury found Coleman was not at fault in the accident; the trial court rendered a judgment pursuant to that verdict in favor of the non-governmental defendants.
Although the jury had no right or duty to adjudicate the fault of DOTD, the trial court submitted an interrogatory to the jury regarding DOTD's fault. The jury found DOTD was not at fault in the accident. The trial court gave this finding no weight and assessed ten percent (10%) liability to DOTD for failing to post a sign reducing the speed limit for highway construction in the area of the accident.
The trial court awarded $20,000.00 to Charles Funk, individually, and as tutor of the minor, Jeffrey Charles Funk. The trial court further awarded $70,838.32 to Ramona Pinion and $135,165.15 to Tracy Pinion against DOTD. The DOTD's third party claim against the estate of Beatrice Pinion Funk was dismissed with prejudice.
DOTD appeals the assessment of liability against it and the excessiveness of the damages award. DOTD additionally appeals the trial court's denial of a pre-trial motion to exclude Dale Moore as an expert witness and the amount awarded as expert witness fees by the trial court to Dale Moore. The Pinions answered the appeal.
Charles Funk's attorney, Gordon E. Causey, became ill and was unable to attend the trial. Causey's partner, Sam Dileo, Jr., appeared on behalf of Funk for two days of the four-day trial. However, he was unfamiliar with the case. Richard Holley, co-counsel for the Pinions, agreed to conduct direct and cross-examination on behalf of Funk. Funk was given an opportunity to have the case continued but elected to proceed. After the trial, Funk filed a motion for a new trial, which was denied by the trial court. Funk now appeals the denial of the motion for a new trial. Defendants Coleman, Dykes, and Farm Bureau answered this appeal.
The issues for review are whether the trial court erred in assessing 10% liability to DOTD for the accident; the sufficiency of the damages awards; the denial of a pre-trial motion to exclude Dale Moore as an expert witness; and the trial court's denial of a motion for a new trial filed on behalf of Charles Funk.

LIABILITY OF DOTD
Liability based upon negligence of the DOTD is imposed when it is actively or constructively aware of a hazardous condition on a highway under its control and it fails to take corrective action within a reasonable time. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980).
As stated in Alford v. Estate of Zanca, 552 So.2d 7, 12 (La.App. 5th Cir.1989):
The DOTD's standard of care in an area of highway under construction is *1233 not the same as that required on a normal highway not under construction, although there exists a duty on the part of the Department to warn motorists of dangerous construction conditions....
The DOTD has a duty to exercise reasonable care to warn motorists of any dangerous conditions in a construction zone.... The failure by the DOTD to meet the requirements of its design manual does not constitute negligence per se....
Highway construction projects do not create an unreasonable risk of harm to the public as to which principles of strict liability may be applied in the absence of very unusual circumstances....
In considering asserted negligence a court must employ a duty-risk analysis, which requires examination of whether the defendant's conduct was a cause in fact of the accident, whether the defendant owed a legal duty encompassing the particular risk of harm to which the plaintiff was exposed, whether the defendant breached that duty, and what damages the plaintiff has sustained. (citations omitted).
As stated by the court in Sinitiere, 391 So.2d at 825:
Negligence is only actionable where it is both a cause in fact of the injury and a legal cause of the injury. Legal cause requires a proximate relation between the actions of a defendant and the harm which occurs and such relation must be substantial in character.
The failure to sign (give notice) must be cause of the accident for the party guilty of a breach of duty to be liable for the resulting damages. Muse v. W.H. Patterson & Company, 182 So.2d 665 (La.App. 1st Cir.1965).
Expert witnesses for both the plaintiff and the defendant agree that Mrs. Funk failed to stop at the stop sign on La. Highway 431 at the intersection and proceeded into the intersection at a little more than sixty miles per hour. The stop sign was larger than the normal size and very visible in the photographs of the intersection. There are no allegations of improper signing on La. Highway 431. The argument of the plaintiffs is that the failure to sign La. Highway 931 prior to the intersection due to the overlay of a portion of La. Highway 931 and change the speed limit from fifty-five miles per hour to forty-five miles per hour was a cause of the accident. The truck was estimated by expert witnesses to be traveling either forty-nine miles per hour or fifty-one miles per hour prior to engaging the brakes. There is no evidence that had the truck been traveling at forty-five miles per hour prior to impact, it would have been able to stop or avoid hitting the Funk's automobile as it entered the intersection in front of the truck. The jury found that neither the delivery truck nor the state were negligent in causing the accident.
In Jimcoily v. State Department of Highways, 361 So.2d 982 (La.App. 4th Cir.), writ denied, 363 So.2d 1384 (La.1978) the non-negligent driver filed suit against the Highway Department alleging that the failure to adequately sign was a cause in fact of the negligent driver's failure to make a crossover turn in a highway under construction. The court found that the absence of a speed reduction sign was not a cause in fact of the accident.
In Alford, supra, the court entertained an action against the DOTD by a driver whose main argument was that the negligence of the DOTD was a factor in the other driver's actions and a cause in fact of the accident. The court stated:
Where an accident occurred because of an inattentive and reckless driver, and the warning sign and highway marking at the accident site were not so inadequate as to present a hazardous condition to a careful driver, the DOTD was not liable, either in negligence or in strict liability. Alford, 552 So.2d at 13.
In Guidry v. Whitmore, 477 So.2d 1298 (La.App. 3d Cir.1985), writ denied, 480 So.2d 742 (La.1986) the court found that an accident was caused by a driver's failure to stop at a stop sign and not because the DOTD had failed to post a two-way traffic warning. In Vallery v. State Department of Transportation and Development, 480 *1234 So.2d 818 (La.App. 3d Cir.1985), writ denied, 481 So.2d 1350 (La.1986) the court found that the DOTD could not be held liable for an accident where an automobile stopped at the stop sign and then proceeded into an intersection into the path of an oncoming vehicle.
The cause of the accident in the case before us was the failure of a driver on a non-favored highway to stop at a stop sign controlling the intersection. The fact that the favored highway was being overlaid and there were no signs reducing the speed on the favored highway from 55 to 45 m.p.h. did not cause the accident. The construction had nothing to do with the accident.
Additionally, we find that the plaintiffs do not fall within the class entitled to the protection which the duty of signing the road would afford. The duty owed by DOTD does not include the obligation to protect motorists or their passengers against harm which would not have occurred but for his grossly negligent operation of the motor vehicle. Burge v. City of Hammond, 509 So.2d 151 (La.App. 1st Cir.), writ denied, 513 So.2d 285 (La.1987). The purpose of signs on a highway under construction is to impart knowledge of a road condition to the traveling public. Muse v. W.H. Patterson & Company, 182 So.2d at 670. DOTD's duty to place construction signs does not extend to the risk of a plaintiff traveling on a highway not under construction, running a stop sign and entering the highway under construction in the path of oncoming traffic.
The judgment of the trial court assessing liability against DOTD was manifestly erroneous and is hereby reversed.

QUANTUM OF DAMAGES AWARDS
DOTD was the only party assessed liability for damages in the trial court's judgment. The Pinions did not file an action against the estate of Beatrice Pinion Funk. The action filed by DOTD against the estate of Beatrice Pinion Funk was dismissed. Since we find that DOTD was not liable for the accident and reverse the award of damages against them, the issue of the excessiveness of the damages is moot.

MOTION FOR NEW TRIAL
Charles Funk appeals the trial court's denial of a motion for a new trial. The motion was based on Funk's being unrepresented by counsel for a portion of the trial. The appellees, Emercial Coleman, W.C. Dykes and Farm Bureau answered the appeal arguing that Funk's motion for a new trial was not properly perfected; and even if the motion for a new trial was properly perfected, the trial court did not abuse its discretion in denying the motion.
The issue of whether the motion was properly perfected was based on the date the motion was filed. We find that even if the motion was properly perfected, the trial court did not abuse its discretion in denying it.
La.C.C.P. art. 1972 sets forth peremptory grounds for a motion for a new trial. Inasmuch as Mr. Funk's motion for a new trial is not based on any of these grounds it falls within La.C.C.P. art. 1973 which provides that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." When no peremptory ground is present, the trial court is vested with wide discretion in granting or denying a motion for a new trial and its determination shall not be disturbed absent a clear abuse of discretion. Menard v. King, 469 So.2d 15 (La.App. 1st Cir.1985).
In its opinion the trial court states:
The Motion for New Trial on behalf of Mr. Funk must be denied.
On the date of this trial, it was learned that Hon. Gordon Causey, representing Mr. Funk, was ill and could not attend the trial. Mr. Dileo, Causey's partner appeared, but stated that he knew nothing about the case. Attorneys for other plaintiffs stated that they would act on behalf of Mr. Funk, since there was no conflict of interest. Mr. Funk was called up to the podium and put under oath. The entire situation was carefully explained *1235 to him, telling him that the Court would continue the case if he would rather have his attorney present. Mr. Funk stated that he understood all of the explanation and further stated that he wanted to proceed.
Mr. Causey and Mr. Dileo are without fault, they did all that was possible under the circumstances. The case would have been continued, had Mr. Funk requested it.
Further examination of the record will implicate that Mr. Funk was well represented and that the outcome was favorable to him.
Mr. Funk did not request a continuance, but, as the record reveals, wished to continue with the suit unrepresented. We find no abuse of discretion by the trial court in denying the motion for a new trial.

EXPERT WITNESS FEES
DOTD argues that the trial court's assessment of expert witness fees as costs in the amount of $2,968.00 was excessive. DOTD was ordered to pay 50% of these costs as well as the costs for other expert witnesses.
In the absence of some equitable reason, costs should not be assessed against a wholly prevailing party. Ratcliff v. Town of Mandeville, 551 So.2d 761 (La. App. 1st Cir.1989) writ denied, 556 So.2d 37 (La.1990); Marcel v. Allstate Insurance Company, 536 So.2d 632 (La.App. 1st Cir. 1988), writ denied, 539 So.2d 631 (La.1989). There is no equitable reason in this case to assess costs against DOTD. We assess 50% of all costs to the Pinions and 50% of all costs against Charles Funk. La.C.C.P. art. 2164.

PRE-TRIAL MOTION TO EXCLUDE EXPERT WITNESS
DOTD assigns as error the trial court's denial of a motion to exclude Dale Moore as an expert witness. As we have found no liability on the part of DOTD this issue is now moot.
The judgment of the trial court finding liability on the part of the DOTD in the amount of 10% is reversed. We find the negligence of the driver of the automobile, Beatrice Pinion Funk, to be the sole cause of the accident. The trial court's assessment of costs of expert witnesses against DOTD is reversed. All costs of this case are assessed against the plaintiffs below. The judgment of the trial court denying the motion for a new trial filed by Charles Funk is affirmed. All costs of this appeal are assessed against Charles Funk and the Pinions.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.