[2GOTHARD, Judge.
In this matter, we have consolidated three writ applications (# 95-C-131, # 95-C-161 and # 95-C-164), filed on behalf of the three parties involved in the lawsuit pending below. Each seeks to have the trial court’s ruling regarding a jury trial modified. For the following reasons, we grant the writ filed on behalf of plaintiff, Shannon Leonard, (# 95-C-131) and deny the writs filed on behalf of defendant, Parish of Jefferson, (# 95-C-161) and third party defendant, Montgomery Elevator Company (# 95-C-164).
This suit arose as a result of what plaintiff, Shannon Leonard, alleges was a fall and injuries suffered while riding in an elevator located in the Parish of Jefferson’s Courthouse Annex Building which “malfunctioned and dropped and/or stopped suddenly between the fourth and fifth floors.” Via third party demand, the Parish of Jefferson (hereafter the Parish) brought Montgomery Elevator Company (hereafter Montgomery) into the suit, alleging indemnity from Montgomery based on a contract between the two “to provide full maintenance, ^service and repairs” for the elevators and to “hold harmless and indemnify the Parish of Jefferson against any losses, claims, demands, or causes of action, arising from its negligence in performing under the agreement.”
Montgomery answered the third party demand, answered plaintiffs petition, and prayed for a “trial by jury of all issues herein.” Because LSA-R.S. 13:5105 prohibits a jury trial in a suit against a political subdivision (the Parish), the trial was to be bifurcated, with the trial judge deciding liability and damages of the Parish and the jury deciding liability and damages of Montgomery.
On the morning of trial, plaintiff filed a motion to strike jury charges and interrogatories filed by the Parish and Montgomery regarding comparative fault, negligence and damages as to the Parish, Montgomery and plaintiff. After hearing oral argument on the matter, the trial court ruled that Montgomery has a right to a jury trial and ordered that the jury be permitted to determine liability, damages and comparative fault of all parties. The trial court further held that plaintiff be permitted to fully participate in the jury trial, including addressing the jury in voir dire and exercising peremptory challenges. Counsel for plaintiff immediately requested and received a continuance of the trial. The parties thereafter each filed then-respective writ applications.
After reviewing the law and jurisprudence on the matter, we find that the trial court erred by finding that Montgomery has a right to a trial by jury. We therefore reverse this ruling and order that the entire trial proceed by judge trial only. The issue raised in the writs filed by the Parish and Montgomery (i.e., that plaintiff should not be able to participate in the jury portion of the trial) is rendered moot.
|4There is no United States or Louisiana constitutional right to a trial by jury in a civil case in a Louisiana court. This right is provided for by statute. La.Code Civ. Proc. art. 1731(A) recognizes the right to a trial by jury in a civil case, except as limited by La.Code Civ.Proc. art. 1732. Article 1732 provides that “[a] trial by jury shall not be available in ... (7) All cases where a jury trial is specifically denied by law.” LSA-R.S. 13:5105 provides that “[n]o suit against the state or a state agency or political subdivision shall be tried by jury.”[1] When used *380 in the Revised Statutes or Code of Civil Procedure, the word “shall” is mandatory. Scott v. Clark, 583 So.2d 938, 941 (La.App. 1 Cir.1991) (citations omitted). It is therefore clear that a jury cannot decide any liability or damages on the part of the Parish. See Scott, supra and Descant v. Rapides Parish Police Jury, 409 So.2d 1226 (La.1982).
Normally, in cases where the plaintiff sues a governmental defendant and a non-governmental defendant and demands a jury trial, the trial is bifurcated, with the trial judge determining the liability of the governmental defendant and the jury determining the liability of the non-governmental defendant. See, for example, Pinion v. Louisiana Farm Bureau, 590 So.2d 1230 (La.App. 1 Cir.1991), writ denied, 592 So.2d 1301 (La.1992). The matter before us today is dissimilar in that plaintiff has only sued the Parish. Neither the plaintiff nor the Parish is entitled to a jury trial. Montgomery, which enjoys the status of third party defendant only, claims that since it answered plaintiffs petition, “thus joining issue with plaintiff and asserting defenses,” it is entitled to a jury trial ^pursuant to La.Code Civ.Proc. art. 1115, which provides that “[t]he third party defendant may assert against the plaintiff in the principal action any defenses which the third party plaintiff has against the principal demand.” (emphasis ours)
The right to a trial by jury is not a defense. Moreover, Montgomery, as a third party defendant, has no right to a jury trial in a suit where a jury is statutorily not available to either of the principal parties.
Plaintiff has not sued Montgomery. Montgomery’s liability, if any, is only to indemnify the Parish if the Parish is found negligent. La.Code Civ.Proc. art. 1731B provides that “[t]he nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.” Our brethren on the Fourth Circuit, addressing a situation where the plaintiff motioned to strike a jury trial demanded by the third party defendant in a suit on an unconditional obligation to pay a specific sum of money,[2] held that “[ajccording to C.C.P. art. 1731 and the comments thereunder, a jury trial is not available on an incidental demand when the principal demand is not triable by jury.” Chrysler Credit Corp. v. Sanders, 545 So.2d 1167, 1169 (La.App. 4 Cir.1989), writ denied, 548 So.2d 1254 (La. 1989), citing Quartana v. Jenks, 355 So.2d 607, 609, footnote 1 (La.App. 4 Cir.1978).
Therefore, for the foregoing reasons, the trial court’s January 23, 1995 ruling that a jury trial be held is hereby reversed. We order that the entire trial proceed by judge trial only.
WRIT # 95-C-131 GRANTED; WRIT # 95-C-161 DENIED; AND WRIT # 95-C-164 DENIED.

. R.S. 13:5105 has been amended by Acts 1993, No. 993, sec. 1. Section 2 of Acts 1993, No. 993 *380 provides: "This act shall become effective January 1, 1994 and shall not apply to any suit filed before that date." Since plaintiff’s petition was filed on December 21, 1992, the older version of 13:5105 is applicable herein.

. A jury trial is not available in such a suit. La.Code Civ.Proc. art. 1732(2).