666 So.2d 1061 (1996)
Shannon LEONARD
v.
PARISH OF JEFFERSON
v.
MONTGOMERY ELEVATOR COMPANY.
No. 95-CC-1082.
Supreme Court of Louisiana.
January 16, 1996.
Robert E. Leake, Jr., Leake & Anderson; for Applicant.
Jacob J. Amato, Jr., Lisa Anne Dunn, Amato & Creely; Ian Wesley Taylor; Arthur Joseph Lentini, Marilyn R. Cohen, Connick, Lentini, Mouledoux, Wimberly & deLaup; for Respondent.
MARCUS, Justice.[*]
This case involves a suit for damages against a political subdivision. The basic issue for our review is whether an incidental demand filed by the political subdivision against a third party may be heard by a jury.
The plaintiff, Shannon Leonard, filed suit against Jefferson Parish (Parish) on December 21, 1992 for damages resulting from a fall she allegedly suffered while riding in an elevator in a building owned by the Parish. The petition alleged that the elevator malfunctioned and dropped or stopped suddenly causing Leonard to fall and to suffer injuries to her back. Leonard sought to hold the Parish, as owner of the building, liable under both negligence and strict liability theories of law. The Parish filed a third party demand against Montgomery Elevator Company (Montgomery) claiming that the Parish and Montgomery had a maintenance agreement which provided that Montgomery would indemnify the Parish against any claims arising from Montgomery's negligence in performing under the agreement.
Montgomery filed an answer to the third party demand and requested a trial by jury. In its answer Montgomery further denied the allegations in plaintiff's petition in the principal action. Montgomery acknowledged that Leonard's case against the Parish would be tried by a judge, but sought a jury trial of the third party demand. The court decided to hold a bifurcated trial with the judge deciding the issues between Leonard and the Parish (the principal action) and the jury determining the issues between the Parish and Montgomery (the third party action).
On the morning of trial, plaintiff filed a motion to strike the charges to the jury in the third party action which dealt with the liability of the Parish, the amount of damages sustained by the plaintiff, and the plaintiff's *1062 percentage of fault. The plaintiff also sought to participate in voir dire and to exercise peremptory challenges. The trial judge ruled that Montgomery had a right to a trial by jury and that the jury could consider issues of negligence, damages, and percentage of fault. The judge also ruled that the plaintiff could participate in voir dire and exercise peremptory challenges. All three parties applied to the court of appeal for writs under its supervisory jurisdiction.
The court of appeal reversed the ruling of the trial judge and held that Montgomery, as a third party defendant, had no right to a jury trial and ordered that the entire case proceed by judge trial only.[1] The court denied as moot the applications by the Parish and Montgomery regarding the plaintiff's right to participate in jury selection. We granted Montgomery's application for certiorari to review the correctness of that decision.[2]
The issue presented for our review is whether the third party demand filed by the Parish against Montgomery may be tried by a jury.
At the time this suit was filed, La.Code Civ.P. art. 1731 provided:
A. Except as limited by Article 1732, the right of trial by jury is recognized.
B. Except as otherwise provided, the nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.[3]
La.Code Civ.P. art. 1732 provides:

A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs.
(2) A suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want, or failure of consideration.
(3) A summary, executory, probate, partition, mandamus, habeas corpus, quo warranto, injunction, concursus, worker's compensation, emancipation, tutorship, interdiction, curatorship, legitimacy, filiation, annulment of marriage, or divorce proceeding.
(4) A proceeding to determine custody, visitation, alimony, or child support.
(5) A proceeding to review an action by an administrative or municipal body.
(6) A suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal "saving to suitors" clause, if the plaintiff has designated that suit as an admiralty or general maritime claim.
(7) All cases where a jury trial is specifically denied by law. (Emphasis added).
At the time this suit was filed, La.R.S. 13:5105 provided:

No suit against the state or a state agency or political subdivision shall be tried by jury.[4] (Emphasis added).
In Louisiana courts, a civil litigant's right to trial by jury is statutory rather than constitutional. La.Code Civ.P. art. 1731(A) recognizes the right of trial by jury except as limited by article 1732. La.Code Civ.P. art. 1732 lists the kinds of suits and proceedings in which a trial by jury is not available. One (1) limits jury trials to those suits in which the amount at issue exceeds fifty thousand dollars. The right to trial by jury is also *1063 dependent upon the nature of the proceeding. For example, trial by jury is prohibited in worker's compensation proceedings (3), custody proceedings (4), and in all cases where a jury trial is specifically denied by law (7). The right to trial by jury in suits against a political subdivision is specifically denied by La.R.S. 13:5105. A political subdivision may not circumvent this statutory prohibition by requesting a trial by jury. Descant v. Rapides Parish Police Jury, 409 So.2d 1226 (La.1982). Therefore, neither Leonard nor the Parish could have sought trial by jury in the principal demand because of the clear prohibition contained in La.Code Civ.P. art. 1732(7) and La.R.S. 13:5105.
La.Code Civ.P. art. 1031 lists four types of incidental demands: reconventional demand, intervention, cross-claims, and the demand against third parties. The Parish's third party claim against Montgomery for indemnity is incidental to the main demand of the plaintiff. Montgomery is not a defendant named in the principal demand. Its liability, if any, does not become an issue unless and until the Parish is found to be liable to Leonard. Talley v. Friedman, 232 So.2d 495, 497 (La.1970).
La.Code Civ.P. art. 1731(B) specifically limits the right to trial by jury in incidental actions. Article 1731(B) provides that the nature and amount of the principal demand determines whether any issue in the principal or incidental demand is triable by a jury. When the principal demand is not triable by jury because of the limitation on jury trials in article 1732, incidental demands cannot be tried by a jury.[5] In Pool v. Alexander, 26 La.Ann. 669 (La.1874), no jury was allowed by law to try the issue in the principal action, a suit on a promissory note. This court held that if the principal action could not be submitted to a jury, the incidental demand could not be submitted to a jury either. In Chrysler Credit Corporation v. Sanders, 545 So.2d 1167 (La.App. 4th Cir.), writ denied, 548 So.2d 1254 (La.1989), the plaintiff filed a petition for executory process, a proceeding in which a jury trial is unavailable. La. Code Civ.P. art. 1732(3). The defendant's reconventional demand for damages and third party demand for indemnity, both incidental actions, could not be heard by a jury because jury trial was unavailable in the principal demand, executory process.
In the instant case, no incidental demands are triable by jury because the nature of the principal demand is a suit for damages against a political subdivision. La.R.S. 13:5105 specifically prohibits trial by jury in suits against political subdivisions. La.Code Civ.P. art. 1732(7) provides that jury trials are unavailable in cases where a jury trial is specifically denied by law. Because the nature of the principal demand is a suit against a political subdivision, a jury cannot determine any of the issues in the principal or incidental demand pursuant to La.Code Civ.P. art. 1731(B). These issues include liability, damages, and fault. Clearly, if these issues in the principal demand cannot be determined by a jury because of the prohibition against jury trial in La.Code Civ.P. art. 1732(7), these issues may not be determined by a jury in the incidental action, pursuant to article 1731(B). Therefore, we conclude that the third party demand filed by the Parish against Montgomery cannot be tried by a jury.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed. All costs are assessed against Montgomery Elevator Company.
LEMMON, J., concurs and assigns reasons.
CALOGERO, C.J. dissents and assigns reasons.
LEMMON, Justice, concurring.
The Legislature probably intended to limit La.Code Civ.Proc. art. 1731B to reconventional demands, as evidenced by the examples set forth in the Official Revision Comments, *1064 but failed to express that intent in the text of the article. Article 1731 refers generally to incidental demands, which include "the demand against third parties." La.Code Civ.Proc. art. 1031B. Moreover, the majority's holding avoids an unwarranted extension of bifurcated trials, which should not be done in the absence of an express contrary intent that is lacking in this context.
For these policy and statutory reasons, I concur in the decision.
CALOGERO, Chief Justice, dissenting.
I respectfully dissent from the majority's position in this case. I would resolve this matter in favor of Relator Montgomery Elevator Company and recognize that Montgomery has a right to trial by jury in the third party demand. La.Rev.Stat. 13:5035 [by analogy] provides that in "[a]ll suits for ... damages ... [surely a third party demand is an independent claim that can properly be deemed a lawsuit] filed by the state against any person, firm or corporation, and all matters incidental thereto shall be heard and determined by a court in a summary manner... Should a trial by jury be demanded, a special panel shall be drawn for such purpose."
NOTES
[*] Judge Burrell J. Carter, Court of Appeal, First Circuit, sitting by assignment in the vacancy created by the resignation of Dennis, J. Kimball, J., not on panel. Rule IV, Part 2, § 3.
[1] 95-131, 95-161 and 95-164 (La.App. 5th Cir. 4/12/95); 655 So.2d 378.
[2] 95-1082 (La. 6/30/95); 657 So.2d 1004.
[3] In June 1995, the Louisiana Legislature amended La.Code Civ.P. art. 1731. The new article 1731 incorporates the prior article and adds Part C which provides, "If the compulsory reconventional demand is triable by a jury, but the principal demand is not, the compulsory reconventional demand may be tried by a jury." La.Code Civ.P. art. 1731, amended by Act No. 661, West La.Sess.Law Serv. No. 4, at 809 (1995).
[4] The legislature has since amended La.R.S. 13:5105. In suits filed after January 1, 1994, trial by jury against the state or a state agency is permitted. Act No. 993 § 1, 1993 La.Acts 2760. The prohibition against jury trial in suits against political subdivisions remains except in suits against the city of Baton Rouge and the parish of East Baton Rouge. Act No. 598, West Sess.Law Serv. No. 4, at 704 (1995).
[5] The one exception to this rule is the compulsory reconventional demand. If the compulsory reconventional demand is triable by a jury, but the principal demand is not, the compulsory reconventional demand may be tried by a jury. La.Code Civ.P. art. 1731(C), amended by Act No. 661, West La.Sess.Law Serv. No. 4, at 809 (1995).