On Writ of Certiorari to the Court of Appeal, Fifth Circuit, Parish of Jefferson. PER CURIAM.
The court of appeal erred in reversing the trial court’s granting of plaintiffs’ motion to strike the jury in this action for excess damages by plaintiffs against the Louisiana Patient Compensation Fund. The status of the Fund after a settlement between the claimant and the health care provider is in the nature of a statutory intervenor in that it is a third person who has an interest in the proceedings between the claimant and the health care provider because any damages in excess of $100,000 are payable from the Fund. Williams v. Kushner, 449 So.2d 455, 458 n. 16 (La.1984); Stuka v. Fleming, 561 So.2d 1871,1374 (La.1990). Louisiana Code of Civil Procedure article 1732(7) provides there is no right to a jury trial in all cases where a jury trial is specifically denied by law. Article 1731(B) specifically limits the right to trial by jury in incidental actions by providing that the nature and amount of the principal demand determines whether any issue in the principal or incidental demand is triable by a jury. When the principal demand is not triable by jury because of the limitation on jury trials in article 1732, incidental demands, such as an intervention, cannot be tried by a jury. Leonard v. Parish of Jefferson v. Montgomery Elevator Company, 95-1082 (La. 1/16/96), 666 So.2d 1061. Louisiana Rev.Stat. 13:5105 specifically prohibits trial by jury in suits against political subdivisions.
Because the nature of the principal demand in this case, the suit by plaintiffs against Jefferson Parish Hospital Service District No. 2 and the Parish of Jefferson, is a suit for damages against a political subdivision, there was no right to a jury trial in the principal demand. La.R.S. 13:5105. Consequently, there is no right to a jury trial in this “intervention” by the Louisiana Patient Compensation Fund. La.Code Civ.P. arts. 1731(B) and 1732; Williams, supra, Leonard, supra. A suit under the medical malpractice act is against the health care provider and not against the Fund. From the inception to the conclusion of the medical malpractice proceeding, the action is against only the health care provider. Williams, supra at 458. Therefore, when there is no right to a jury trial in plaintiffs’ action against the health care provider because the defendant is a political subdivision under La.R.S. 13:5105, there is likewise no right to a jury trial in *654 plaintiffs’ suit for excess damages against the Patient Compensation Fund.
REVERSED AND REMANDED.