CALOGERO, C.J.,
concurs in the writ denial and assigns reasons.
I dissented in Leonard v. Parish of Jefferson v. Montgomery Elevator Co., 95-1082 (La.1/16/96), 666 So.2d 1061, because I believed (contrary to the majority) that when the State files a third party demand, that third party defendant ought to have a right to a jury even if that claim must be resolved in a bifurcated trial. La.Rev. Stat. 18:5035 provides that in “[a]ll suits for ... damages ... filed by the state against any person, firm or corporation, and all matters incidental thereto shall be heard and determined by a court in a summary manner ... Should a trial by jury be demanded, a special panel shall be drawn for such purpose.”
However, I would not extend that logic to a case such as this where the State is not asserting a claim against a third party but simply reconvening against the original plaintiff. Here, there is just a singular pair of litigants, and it would be illogical to have separate decision-makers decide the principal demand and reconventional demand.