THOMAS F. DALEY, Judge.
| ¡.The sole issue presented for review in this appeal is whether the trial court erred in casting petitioner, Flor Jimenez, a domestic violence complainant, with court costs and costs of service. Jimenez filed this action for protection from domestic abuse pursuant to LSA-R.S. 46:2131 on *673 August 28, 2002. A temporary restraining order was issued against her husband, Jose Jimenez, the next day, effective until September 26, 2002. The Jefferson Parish Sheriffs Office attempted service on the defendant without success. Another TRO was granted on September 24, 2002, and service was again attempted without success. This pattern continued until October of 2004[1], when the District Attorney’s Office advised petitioner Jimenez that her ease had been continued without date due to their inability to serve the defendant.
A judgment of voluntary dismissal was signed on April 5, 2005, and the petitioner was assessed costs. This appeal followed.
| ^Jimenez argues that both LSA-R.S. 46:2134 and LSA-C.C.P. art. 3603.1(C)(1) unequivocally and unambiguously prohibit courts from imposing costs on a domestic violence complainant, regardless of the outcome of the litigation.
The general rule regarding court costs is provided in LSA-C.C.P. art.1920, which states:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
Specific rules regarding court costs for petition for relief from domestic violence are addressed in LSA-R.S. 46:2134(F) and LSA-C.C.P. art. 3603.1(C)(1).
R.S. 46:2134(F). A petitioner shall not be required to prepay or be cast with court costs or costs of service or subpoena for the filing of the petition or the issuance of a temporary restraining order or protective order pursuant to this Part, and the clerk of court shall immediately file and process the petition and temporary restraining order issued pursuant to this Part, regardless of the ability of the petitioner to pay court costs.
:¡J * * jK
C.C.P. art. 3603.1(C)(1). A complainant seeking protection from domestic abuse, stalking, or sexual assault shall not be required to prepay or be cast with court costs or costs of service of subpoena for the issuance of a temporary restraining order, preliminary or permanent injunction, or protective order pursuant to this Article, and the clerk of court shall immediately file and process the order issued pursuant to this Article regardless of the ability of the plaintiff to pay court costs.
The judgment of dismissal is entered on a Louisiana Uniform Abuse Prevention Order form. Following the order of dismissal, the form provides boxes to be checked, indicating whether the dismissal is with or without prejudice, and the reasons for the dismissal. Below the heading of Without Prejudice, two boxes are checked: the first indicating “on petitioner’s motion” and the second “on petitioner’s failure to appear and proceed.” Handwritten after “on petitioner’s |4motion” are the words “petitioner assessed costs.” The two reasons for the dismissal are contradictory. Prior to this date, the court saw enough merit in the allegations in Jimenez’s Petition to issue TROs fourteen times. The minute entries in the record show that Jimenez was represented by counsel at all proceedings, but are unclear if Jimenez herself was present in court on every instance.
Despite the reasons on the form, the assessment of costs against Jimenez was *674 error. Jimenez’s Petition was filed under LSA-R.S. 46:2131 et seq. Both LSA-R.S. 46:2134(F) and LSA-C.C.P. art. 3603.1(C)(1) use the word “shall” as in “shall not be required to pay ... court costs.” No case law interprets the costs provisions of these two statutes, but it is clear that the word “shall” in a statute is mandatory, in contrast to the word “may,” which is permissive. Leonard v. Parish of Jefferson, 95-161 (La.App. 5 Cir. 4/12/95), 655 So.2d 378. There is simply no provision in the law that allows court costs to be assessed against a domestic abuse petitioner, for any reason.
Accordingly, that part of the judgment of dismissal that assessed costs against Jimenez is reversed.

REVERSED.

. The record shows that a total of fourteen (14) TROs were issued.